OTT, Chief Judge.
The trial court awarded appellee’s attorney $1,898.11 for various costs incurred in representing appellee before the Executive Clemency Board. This cost award was in addition to a fee award of $1,000.00. In appealing, the state contends that the cost award exceeds the maximum sum allowed by law.
Section 925.035(4), Florida Statutes (1981), provides as follows:
(4) If the death sentence is imposed and is affirmed on appeal to the Supreme Court, the appointed attorney shall be allowed compensation, not to exceed $1,000, for attorney’s fees and costs incurred by representing the defendant as to an application for executive clemency, such compensation to be paid out of general revenue from funds budgeted to the Department of Corrections. The public defender or an attorney appointed pursuant to this section may be appointed by the trial court that rendered the judgment imposing the death penalty, to represent an indigent defendant who has applied for executive clemency as relief from the execution of the judgment imposing the death penalty.
(Emphasis supplied.)
The state requests this court to interpret the underlined words as a single limit of $1,000.00 for both attorney’s fees and costs incurred.
Section 925.035(4) should be read in pari materia with section 925.036, which provides as follows:
(1) An attorney appointed pursuant to s. 925.035 ... shall, at the conclusion of the representation, be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit; however, such compensation shall not exceed the maximum fee limits established by this section. In addition, such attorney shall be reimbursed for expenses reasonably incurred, including the costs of transcripts authorized by the court.
(Emphasis supplied.)
When read together we think it is clear that the legislature intended — and clearly provided — that reasonable costs would be determined and awarded by the original trial court in addition to a reasonable fee for his services. The $1,000.00 statutory limit applies only to the fee for services.
_ While we find no cases on point, we do find some support in the rationale of the Florida Supreme Court in Wakulla County v. Davis, 395 So.2d 540 (Fla.1981).[1] In Wakulla, the court interpreted section 925.036, Florida Statutes (Supp.1978), to allow court-appointed attorneys to stack attorney’s fees when representing an indigent defendant on multiple counts. The supreme court reasoned:
If stacking is not permitted, the result could be quite unfair and unreasonable to the court-appointed attorney. He might be forced to defend a client on multiple nonlife felonies, and life felonies joined with a capital case, spend a large amount of time thereon, and still be limited to $2,500 in compensation for his services, as in this case. It is illogical to construe the law so that regardless of the number of *160 charges on which a client is defended, his attorney is limited to a $2,500 fee. It is also illogical to construe the law in such a manner as to completely nullify the $2,000 maximum for life felonies simply because that offense is joined in the same prosecution with a separately punishable capital felony. Such is the case here. It would be much more reasonable and just to allow the attorney to stack the máxi-mums for each offense for which his client was tried. Under that interpretation, the attorney would be more realistically and fairly compensated for the time spent on the case, and less likely forced to accept what might often turn out to be unfair compensation for his representation.
We hold that an attorney who represents a defendant before the Executive Clemency Board, as provided by these statutes, is entitled to compensation for his services (a fee) in an amount not to exceed $1,000.00. In addition, he may be awarded those costs incurred that the court finds reasonable and proper.
The record does not support the state’s remaining contention that it was not afforded notice and an opportunity to be heard. It appeared before the trial court and filed a memorandum with the trial court on the petition, essentially arguing the same position asserted in this appeal. It did not object to or question the reasonableness or propriety of any of the items of cost.
The award of costs is therefore affirmed.
DANAHY and SCHOONOVER, JJ., concur.

. We note that since the Florida Supreme Court opinion in Wakulla County v. Davis, 395 So.2d 540 (Fla.1981), was issued, the Florida Legislature amended section 925.036, Florida Statutes (1978 Supp.), to increase certain fee máximums and prohibit the stacking of fees. § 925.036, Fla.Stat. (1981). If our interpretation of sections 925.035(4) and 925.036, Florida Statutes (1981), does not accord with the present intent of the legislature, the legislature can correct with a specific amendment,