No. 86–636. MARTIN COUNTY, FLORIDA *v.* MAKEMSON ET AL.; and OKEECHOBEE COUNTY, FLORIDA *v.* DENNIS ET AL. Sup. Ct. Fla. Certiorari denied. Reported below: 491 So. 2d 1109 (first case); 491 So. 2d 1115 (second case).

JUSTICE WHITE, dissenting.

Petitioners are two political subdivisions in the State of Florida that have filed a single petition for certiorari, under this Court's Rule 19.4, seeking review of two separate judgments of the Supreme Court of Florida. Both cases present the same federal constitutional question; I set forth the facts in *Martin County* v. *Makemson* only.

Respondent Robert Makemson was appointed under Florida law to represent a defendant charged with first-degree murder, kidnaping, and armed robbery. Respondent's representation of the defendant spanned a 9-month period, and upon completion of the task respondent petitioned the trial court, pursuant to Fla. Stat. § 925.036 (1985),* for attorney's fees in the amount of $9,500. Section 925.036(2)(d) establishes a limit of $3,500 on compensation to appointed attorneys who represent capital defendants at trial. Notwithstanding this provision, the state trial court awarded respondent the $9,500 he requested, declaring that " 'in setting rigid maximum fees without regard to the circumstances in each case[, § 925.036] is arbitrary and capricious and violates the due process clause of the United States and Florida Constitutions.' " 491 So. 2d 1109, 1111 (1986). The Fourth District Court of Appeals quashed the trial court's order declaring § 925.036 unconstitutional and certified several pertinent questions to the Florida Supreme Court. 464 So. 2d 1281 (1985). The Supreme Court held, *inter alia*, that the statute, while facially valid, was unconstitutional as applied to this case. The court reasoned:

> "[W]e find that the statutory maximum fees, as inflexibly imposed in cases involving unusual or extraordinary circum-

---

*Florida Stat. § 925.036 (1985) provides, in relevant part:

"(1) An attorney appointed pursuant to s. 925.035 or s. 27.53 shall, at the conclusion of the representation, be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit; however, such compensation shall not exceed the maximum fee limits established by this section. . . .

"(2) The compensation for representation shall not exceed the following:

"(a) For misdemeanors and juveniles represented at the trial level: $1,000.

"(b) For noncapital, nonlife felonies represented at the trial level: $2,500.

"(c) For life felonies represented at the trial level: $3,000.

"(d) For capital cases represented at the trial level: $3,500.

"(e) For representation on appeal: $2,000."

stances, interfere with the defendant's sixth amendment right 'to have the assistance of counsel for his defense.' The statute, as applied to many of today's cases, provides for only token compensation. The availability of effective counsel is therefore called into question in those cases when it is needed most.

. . . . .

"[Section 925.036] interferes with the sixth amendment right to counsel. . . . [W]e must not lose sight of the fact that it is the defendant's right to effective representation rather than the attorney's right to fair compensation which is our focus." 491 So. 2d, at 1112.

This Court has never held that the Sixth Amendment right to counsel, made applicable to the States by the Fourteenth Amendment, requires the States and their political subdivisions to pay appointed counsel reasonable compensation for their services. Indeed, under our existing cases, I discern nothing in the Sixth Amendment that would prohibit a State from requiring its lawyers to represent indigent criminal defendants without *any* compensation for their services at all. By my view, Florida had no Sixth Amendment duty to enact § 925.036; it follows *a fortiori* that the Sixth Amendment does not require the State or its political subdivisions to pay *more* than the limits established in that statute. This view is consistent with our decision in *Powell* v. *Alabama*, 287 U. S. 45 (1932). There, the Court held that a state trial court had a duty to assign counsel in a capital case where the defendant was unable to employ an attorney and was incapable of representing himself. The Court asserted that "[a]ttorneys are officers of the court, and are bound to render service when required by such an appointment." *Id.*, at 73.

Even were I not of this view, I would still vote to grant the petition for certiorari because the decisions in these cases conflict with the decisions of other courts. In *Williamson* v. *Vardeman*, 674 F. 2d 1211, 1214 (1982), for example, the Eighth Circuit held that the courts of Missouri could constitutionally compel private attorneys to represent indigent defendants without compensation for their services. And, in *New Jersey* v. *Rush*, 46 N. J. 399, 217 A. 2d 441 (1966), the Supreme Court of New Jersey expressly rejected the argument that the Sixth Amendment mandates payment of fees to appointed counsel. The court assumed—perhaps

gratuitously—that an attorney had standing to assert the Sixth Amendment right of his client, and stated that it knew "of no data to support a claim that an assigned attorney fails or shirks in the least the full measure of an attorney's obligation to a client. . . . A lawyer needs no motivation beyond his sense of duty and his pride." *Id.*, at 405–406, 217 A. 2d, at 444.

This petition presents an important issue of constitutional law that the Court should address. I respectfully dissent from the denial of certiorari.