507 So.2d 588 (1987)
Marsha L. LYONS, et al., Petitioners,
v.
METROPOLITAN DADE COUNTY, Respondent.
No. 66731.
Supreme Court of Florida.
March 26, 1987.
Rehearing Denied June 18, 1987.
*589 Marsha L. Lyons, of Lyons and Farrar, P.A., Miami, for petitioners.
Robert A. Ginsburg, Dade Co. Atty., and Eric K. Gressman, Asst. Co. Atty., Miami, for respondent.
ADKINS (Ret.), Justice.
Marsha Lyons was appointed to defend indigent Robert Patton against three indictments, one for the first-degree murder of a policeman. At the conclusion of the representation, a Dade County Circuit Court judge awarded Ms. Lyons $25,000 in compensation for her 730.1 hours of admittedly excellent legal service provided in the cases. Because that sum exceeded the maximum fee for the representation of $8,500, as set forth in section 925.036, Florida Statutes (1981), respondent Metropolitan Dade County petitioned for a writ of certiorari with the Third District Court of Appeal. In Metropolitan Dade County v. Lyons, 462 So.2d 487 (Fla. 3d DCA 1984), the district court quashed the trial court's order and remanded with instructions to limit the fees to $8,500. We find the Third District's opinion in conflict with our later decision of Makemson v. Martin County, 491 So.2d 1109 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In Makemson, we found it necessary to at times allow the trial courts to exceed the statutory fee limits in order to safeguard an indigent defendant's right to a meaningful trial and to guarantee his sixth amendment right to the effective assistance of counsel. We held in that case that "it is within the inherent power of Florida's trial courts to allow, in extraordinary and unusual cases, departure from the statute's fee guidelines when necessary in order to ensure that an attorney who has served the public by defending the accused is not compensated in an amount which is confiscatory of his or her time, energy and talents." 491 So.2d at 1115.
We find that the trial court acted properly in departing from the fee guidelines on the facts of this case. The defendant was indicted for three separate offenses: the first-degree murder of a policeman; grand theft auto; and an armed robbery. At the time of these offenses, he was a convicted felon and on probation. Consequently, he was also charged with unlawful possession of a firearm and violation of probation. The death penalty case involved the highly publicized shooting death of a black police officer by a white defendant which occurred in a largely black area of Miami. The names of over 100 state witnesses were provided to the defense as testifying witnesses, and preparation of the case involved extensive deposing, crime scene investigating, videotaping, and attempts to obtain through extensive research and subpoena documents of the defendant's troubled background from approximately twelve doctors and institutions throughout the state of Florida. Three state attorneys and one intern vigorously researched and prosecuted the case, and preparations for the six-day trial consumed approximately seven months of petitioner Lyons' professional career.
In awarding a fee exceeding the statutory maximum of $8,500, the trial court specifically found in his order that:
(1) The maximum amount designated for representation in a capital case under *590 Fla. Stat. 925.036, as applied to this case, is so unreasonably insufficient as to make it impossible for this Court to have appointed any competent counsel to represent the Defendant Robert Patton, even recognizing the willingness of attorneys to generously provide their time and service to indigent defendants, without the expectation of any or minimal compensation.
.....
5. The Court, recognizing the extreme circumstances facing the Defendant in this case and the impossibility of defense counsel providing effective representation within the purviews of the statutory fees, ordered appointed counsel to expend whatever amounts of time were necessary to represent the Defendant in this case, and told counsel that the Court would see that the statutory fees would be waived by the County Attorney.
.....
7. From approximately mid-January to the end of the trial, defense counsel had to utilize an average of nearly twelve hours a day, every day of the month, of attorney time available in her office in connection with these matters.
8. To have stayed within the statutory fees provided in all three cases, counsel would have had to have reduced the number of hours spent (even at the $40.00 an hour rate) by over two-thirds. No attorney could have provided even minimally effective representation of the Defendant in this case within such confines.
In conclusion, the trial judge stated that:
IN ALL of the death cases which this Court has presided over and is aware of, this is the most extreme case the Court has ever observed in terms of the thoroughness of the State's investigation, the number of State witnesses and exhibits, the lack of options available to the defense, and the extreme consequences faced by the Defendant.
We have repeatedly observed that the trial court stands in the best position to evaluate the need for a departure from the statutory guidelines. Makemson, 491 So.2d at 1115; Schommer v. Bentley, 500 So.2d 118 (Fla. 1986). Finding the trial court's departure reasonable and well-supported on the facts of this case, we quash the opinion under review and reinstate the trial court's order allowing Ms. Lyons reasonable compensation for her representation in recognition of her good service to the Bar in undertaking this cause.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.