509 So.2d 407 (1987)
METROPOLITAN DADE COUNTY, Petitioner,
v.
Myron M. GOLD and the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida, Criminal Division, Respondents.
No. 87-556.
District Court of Appeal of Florida, Third District.
July 14, 1987.
*408 Robert A. Ginsburg, Co. Atty., and Hugo Benitez, Asst. Co. Atty., for petitioner.
Gold and Fox and Myron M. Gold, Miami, for respondents.
Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
We grant the petition for certiorari and quash the trial court's order awarding attorney's fees to a court-appointed attorney in excess of the hourly rate established by the chief judge of the circuit.
Myron Gold was appointed by the court to represent an indigent defendant. At the conclusion of the case, Gold filed a motion for attorney's fees indicating that he had performed slightly over seventy-two hours of out-of-court services and thirty-eight hours of service in court. Based on the hourly rate fixed by the chief judge pursuant to section 925.036, Florida Statutes (1985), Gold valued his services at $4,790. However, on the last page of Gold's motion, in the space allotted for the amount of compensation sought, Gold typed in "pursuant to Makemson v. Martin County, [491 So.2d 1109 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987)]." Metropolitan Dade County objected to the motion and a hearing was conducted where the court received testimony on the value of Gold's services and the complexity of the case. The trial court, finding that "the legal representation involved an extraordinary and unusual case entitling the Special Assistant Public Defender to a legal fee in excess of the amount set forth in the Statute" awarded Gold $10,000.
Respondent, Gold, contends that in Makemson, the Florida Supreme Court held that section 925.036, Florida Statutes (1985), relating to the award of attorneys' fees, is directory in nature and that the amount of fees to be awarded to court-appointed counsel where there is a finding that the case involved is extraordinary or unusual is left to the sound discretion of the trial judge. We disagree.
Makemson does not authorize a trial court to exceed the hourly maximum rate established by a chief judge in the circuit. The defense attorney in Makemson calculated his request for compensation by multiplying the total number of hours on the case times the established hourly rate. The Supreme Court awarded defense counsel fees in accordance with those rates. See also Lyons v. Metropolitan Dade County, 507 So.2d 588 (Fla. 1987) (upholding trial court's fee award in excess of statutory fee limit but based on hourly rate set by chief judge).
In this case, the trial court did find the case extraordinary, entitling Gold to fees exceeding the $3,000 statutory maximum. It was improper, however, for the trial court to exceed the hourly rate established by the chief judge by over $40 per hour to arrive at a $10,000 fee. The hourly rate established by the chief judge, rendered pursuant to section 925.036, Florida Statutes (1985), limits the fee award to $4,790.
Certiorari is granted. The order on fees is quashed and the cause is remanded for further proceedings consistent with this opinion.