Verna STEPHEN, as personal representative of the Estate of Andrew Stephen, deceased, Plaintiff-Appellant,

v.

AMERICAN BRANDS, INC., Defendant-Appellee.

No. 86–3740.

United States Court of Appeals, Eleventh Circuit.

Aug. 21, 1987.

Daniel M. Soloway, McKenzie & Associates, James F. McKenzie, Pensacola, Fla., for plaintiff-appellant.

Atty. Gen. Condon, Jr., Emmanuel, Sheppard & Condon, Pensacola, Fla., for defendant-appellee.

Richard A. Daynard, Northeastern University School of Law, Boston, Mass., for amicus curiae Tobacco Products Liability Project.

Alan B. Morrison, Public Citizen Litigation Group, Washington, D.C., for amicus curiae American Lung Ass'n, American Cancer Society, American Heart Ass'n, American Public Health Ass'n, and Public Citizen.

Paul M. Bator, Kathryn A. Oberly, Mayer, Brown & Platt, Chicago, Ill., for amicus curiae Philip Morris, Inc., R.J. Reynolds Tobacco, Liggett Group, Inc., Brown & Williamson & Lorillard, Inc.

Before RONEY, Chief Judge, FAY, Circuit Judge, ATKINS *, Senior District Judge.

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

PER CURIAM:

This is a diversity suit instituted by Verna Stephen, as personal representative of her deceased husband's estate, against American Brands, Inc., alleging that the defendant is liable for the death of her husband because, from 1930 through 1984, he smoked cigarettes manufactured by the defendant. The complaint specifically alleged, among other things, that defendant failed to provide Andrew Stephen with adequate warnings of the risks associated with smoking. Defendant, who alleges that it at all times has complied with the warning requirements of the Federal Cigarette Labeling and Advertising Act, 15 U.S.C.A. §§ 1331–1341, answered, *inter alia,* on the ground that some of plaintiff's claims were preempted by that Act. Plaintiff moved to strike this defense. The district court, relying on the only federal appellate decision addressing the issue, *Cipollone v. Liggett Group, Inc.,* 789 F.2d 181 (3d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 907, 93 L.Ed.2d 857 (1987), held that the labeling act "does preempt tort claims which are premised on the adequacy of warnings on cigarette packaging or the propriety of a party's actions with respect to the advertising and promotion of cigarettes." The district court, accordingly, denied plaintiff's motion to strike defendant's federal preemption defense. The ruling was appealed under 28 U.S.C.A. § 1292(b). We affirm.

■ The Supremacy Clause of the United States Constitution vests Congress with the power to preempt state law. U.S. Const., art. VI, cl. 2. Congress may do so expressly or impliedly. *Jones v. Rath Packing Co.,* 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1977). Where no express preemption language is included in the federal law, preemption may occur by implication where the federal scheme established by Congress is so pervasive as to "occupy the field" and leave no room for local supplementation. *Fidelity Federal Savings & Loan Ass'n. v. De La Cuesta,* 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982); *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed.2d 1447 (1947). Even if Congress does not occupy the entire field, state law may still be preempted where an actual conflict with federal law occurs making compliance a "physical impossibility." *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–43, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963), or where the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941) (footnote omitted). The burden of showing that Congress intended to preclude the states from providing traditional state law remedies for its citizens rests upon the defendant. *Silkwood v. Kerr-McGee Corp.,* 464 U.S. 238, 255, 104 S.Ct. 615, 625, 78 L.Ed.2d 443 (1984).

■ The question presented on this appeal is whether the district court properly denied the motion to strike a preemption defense to any of Stephen's state law tort claims. If the defense is good to any claim, the district court should be affirmed, and it is not necessary for this Court to address the merits of any particular claim.

We adopt the decision and reasoning of the Third Circuit in *Cipollone v. Liggett Group, Inc.,* 789 F.2d 181 (3d Cir.1986). That was a case in which the district judge had granted a motion to strike a preemption defense as has been pled in this case. The Third Circuit reversed the district court and remanded the case for further development of the claims and theories of the parties. Since the denial of the motion to strike put the district court in this case in that position, a simple affirmance is all that is necessary. Following *Cipollone,* we hold that the district court properly denied the motion to strike. Precisely how the preemption defense plays into the various claims of the plaintiff can only be worked out after further procedures in the district court.

AFFIRMED.