Walter C. PHILLIPS and wife Mary H. Phillips, Plaintiffs–Appellants,

v.

R.J. REYNOLDS INDUSTRIES, INC., R.J. Reynolds Tobacco Institute, et al., Defendants–Appellees.

Court of Appeals of Tennessee, Eastern Section.

May 16, 1988.

Application for Permission to Appeal Denied by Supreme Court April 3, 1989.

J.D. Lee, Knoxville, for plaintiffs-appellants.

Robert J. Campbell, Knoxville, for R.J. Reynolds Tobacco Co.

James E. Brading, II, Johnson City, for American Tobacco Co.

Darryl K. Lowe, Knoxville, for Tobacco Sales Co., Inc.

## OPINION

GODDARD, Judge.

In this products liability suit, filed on January 17, 1986,[1] Walter C. Phillips[2] appeals a summary judgment rendered against him in favor of R.J. Reynolds Tobacco Company, The American Tobacco Company, and Tobacco Sales Company, Inc. He insists that the grant of summary judgment was in error.

The complaint sought damages because of Mr. Phillips contracting a peripheral vascular disease, known as Buerger's disease, from smoking cigarettes manufactured by the Defendant Tobacco Companies. The complaint also alleged that the cigarettes manufactured by the Tobacco Companies were defective and unreasonably dangerous because of lack of warning initially, and later, presumably after the enactment of the Federal Cigarette Labeling and Advertising Act of 1965, because of inadequate warning.

The motion to "dismiss and/or for summary judgment" alleged the following:

Come the defendants and move the court for dismissal and/or for summary judgment dismissing plaintiff's action, and for grounds say that plaintiff, in his Complaint, fails to state claims upon which relief can be granted; there are no genuine issues of material fact; and that, therefore, defendants are entitled to judgment as a matter of law, in that pursuant to the law of the case, plaintiff's claims alleging fraud, conspiracy and industry wide/market share liability should be dismissed; cigarettes are not defective and/or unreasonably dangerous under the law of Tennessee; and plaintiff's claims are preempted by the Federal Cigarette Labeling and Advertising Act.

The Court, after hearing oral arguments, found the motion was well taken and sustained it. His order, however, did not specify the grounds for his action. We believe that the Defendants' contention of pre-emption is dispositive of this case and accordingly will only address this defense.

Before doing so, however, we note that the Tennessee Products Liability Act defines a "product liability action" to include "all actions brought for or on account of personal injury, death or property damage ..." It further provides in T.C.A. 29–28–103 the following limitation of actions:

*29–28–103. Limitation of actions— Exception.*—(a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28–3–104, 28–3–105, 28–3–202 and 47–2–725, but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

(b) The foregoing limitation of actions shall not apply to any action resulting from exposure to asbestos.

It can be seen from the foregoing that the 10–year statute of repose would bar any cause of action accruing prior to January 1, 1966, the effective date of the Federal Act.

As pertinent to our inquiry, the Federal Act (Title 15, Chapter 36) provides the following:

*§ 1331. Congressional declaration of policy and purpose*

---

1. A previous suit, which was later non-suited, was filed on October 25, 1985.

2. A non-suit was taken by Mary H. Phillips, originally made a party Plaintiff, apparently on the assumption by counsel for the Plaintiff that she was Mr. Phillips' wife.

It is the policy of the Congress, and the purpose of this chapter, to establish a comprehensive Federal Program to deal with cigarette labeling and advertising with respect to any relationship between smoking and health, whereby—.

(1) the public may be adequately informed that cigarette smoking may be hazardous to health by inclusion of a warning to that effect on each package of cigarettes; and

(2) commerce and the national economy may be (A) protected to the maximum extent consistent with this declared policy and (B) not impeded by diverse, nonuniform, and confusing cigarette labeling and advertising regulations with respect to any relationship between smoking and health.

....

## § 1334. Preemption
### (a) Additional statements

No statement relating to smoking and health, other than the statement required by section 1333 of this title, shall be required on any cigarette package.

### (b) State regulations

No requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this chapter.

The Defendants argue that if the Plaintiff is allowed to recover under the facts of this case the effect would be to require the Defendants to give warnings in addition to those mandated by Congress.

The Federal Circuit Courts are unanimous that if the warnings on cigarette packages comply with the Act a suit for damages on a common law theory on inadequate warning is pre-empted. *Palmer v. Liggett Group, Inc.*, 825 F.2d 620 (1st Cir. 1987); *Stephen v. American Brands, Inc.*, 825 F.2d 312 (11th Cir.1987); *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181 (3rd Cir. 1986); *cert. denied* 479 U.S. 1043, 107 S.Ct. 907, 93 L.Ed.2d 857 (1987).

We have found no stronger case, absent an express statement in a congressional act declaring pre-emption of state actions, than the Federal Statutes dealing with tobacco. The Federal Government has long regulated the growing and sale of tobaccos, 7 U.S.C. § 1314, *et seq.*, and where Congress has legislated comprehensively and occupies the entire field of regulation there is no room for the state to supplement Federal law. *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947).

The rationale in the *Palmer* case that state action is pre-empted is convincing (825 F.2d at 626):

It is these policies, and more importantly, the balance fixed between them that is our focus. The language of § 1331 even measures the relative weight of the policies: the federal warning should protect commerce "to the maximum extent" consistent with its health policy. Thus, we consider now the effect of the introduction of a state tort claim into this congressionally calibrated system. As discussed earlier, Congress ran a hard-fought, bitterly partisan battle in striking the compromise that became the Act. It is inconceivable that Congress intended to have that carefully wrought balance of national interests superseded by the views of a single state, indeed, perhaps of a single jury in a single state.

The Federal Circuit Court opinions on the issue are well reasoned and persuasive and we choose to follow them. See *Howard v. United States,* 566 S.W.2d 521 (Tenn.1978).

In conclusion, we recognize that there is no affidavit in the record relative to the Defendants' compliance with the Act, but there was never any contention below or in the Plaintiff's appellate brief that this was a theory of recovery. Moreover, even though a state court might have jurisdiction if the Defendants violated the Act, no such violation is alleged. Our rules of pleading require:

Every pleading stating a claim ... upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the

facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged. Tennessee Rules of Civil Procedure, 8.05(1).

For the foregoing reasons the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Plaintiff and his surety.

SANDERS, P.J. (E.S.), and FRANKS, J., concur.