541 So.2d 630 (1988)
LEON COUNTY, Appellant,
v.
The Honorable Charles D. McCLURE, Circuit Judge, Second Judicial Circuit of Florida, and Robert A. Harper, Jr., Appellees.
No. 88-2042.
District Court of Appeal of Florida, First District.
December 28, 1988.
Rehearing Denied April 28, 1989.
F.E. Steinmeyer III and John C. Pelham, Leon County Attorney's Office, Tallahassee, for appellant.
Robert A. Harper, Jr., Tallahassee, for appellees.
WENTWORTH, Judge.
Leon County petitions for a writ of certiorari, seeking review of an order awarding an attorney's fee in excess of the statutory fee schedule for representation of an indigent criminal defendant. We find that the extraordinary circumstances of this case warrant a departure from the fee schedule, but that the amount awarded is excessive. We therefore grant certiorari and quash the challenged order as to the amount of the fee.
Private counsel was appointed to represent an indigent criminal defendant, due to a conflict within the public defender's office. The court exceeded the statutory fee schedule established in section 925.036, Florida Statutes, in awarding an attorney's fee. The fee order notes that this was a high profile case involving two homicides and several additional counts, heavily prosecuted by several state attorneys and involving complex legal issues including the defendant's mental health. Indicating that the case was extraordinary and unusual, and suggesting that substantial prior experience in capital prosecutions was required, the court also noted that the victims were prominent and the entire resources of the state attorney's office were utilized, with the state's discovery response listing 135 potential witnesses. The appointed counsel's time records evidence over 200 hours *631 expended in the case, and affidavits submitted by two other attorneys state that an appropriate fee should exceed $20,000. The court concluded that $100 per hour would be a reasonable rate and awarded a fee of $20,800.
Section 925.036(2)(d), Florida Statutes, establishes the maximum attorney fee for trial representation in capital cases at $3,500. Section 925.036(1), Florida Statutes, provides that the fee awarded shall not exceed the statutory maximum. However, despite this proscription trial courts retain the authority to award greater fees in extraordinary and unusual cases. See Makemson v. Martin County, 491 So.2d 1109 (Fla. 1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987). As in Makemson, the present case involves circumstances which render it sufficiently extraordinary and unusual as to permit an attorney's fee in excess of the maximum established in section 925.036, Florida Statutes. See also, Lyons v. Metropolitan Dade County, 507 So.2d 588 (Fla. 1987).
Even though the trial court may exceed the statutory fee amount, the fee awarded is not to be based on market value. Rather, as Makemson emphasized, the court should award a reasonable fee which is not confiscatory of the attorney's time, energy and talents. While the trial court purported to comply with this standard in the present case, the hourly rate awarded is far beyond that approved in Makemson or Lyons. It was appropriate for the court to exceed the statutory maximum, but the amount of the fee awarded is excessive.[1]
The challenged order is quashed as to the amount of the fee awarded, and the cause is remanded.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] Subsequent to counsel's efforts and the court's fee award, an administrative order relating to fees for appointed counsel became effective in the circuit. Such orders have been deemed controlling in other instances. See e.g., Hillsborough County v. Sinardi, 524 So.2d 483 (Fla. 2d DCA 1988); Metropolitan Dade County v. Gold, 509 So.2d 407 (Fla. 3d DCA 1987). Since the order was not effective in the present case, on remand it should not be binding although the court may consider it as a guide.