547 So.2d 181 (1989)
STATE of Florida, Petitioner,
v.
Daniel E. REMETA, Respondent.
No. 89-26.
District Court of Appeal of Florida, Fifth District.
June 8, 1989.
Rehearing Denied July 18, 1989.
Ann M. Chittenden, Asst. General Counsel, Dept. of Corrections, Tallahassee, for petitioner.
Edward L. Scott, Sp. Asst. Public Defender, Ocala, for respondent.
COWART, Judge.
This case involves the question of whether a trial judge who appoints counsel for an executive clemency proceeding for an indigent sentenced to death may award an attorney fee in excess of the statutory maximum fee of $1,000.
Pursuant to section 925.035(4), Florida Statutes, attorney Edward L. Scott was appointed by a trial court as counsel for an executive clemency proceeding for Daniel Remeta, an indigent convicted of a capital felony and sentenced to death. After performing his services, the appointed attorney applied to the trial court for compensation for the 51.65 hours he expended in representing Remeta in the executive clemency proceeding. The statute authorizing this appointment of counsel allows compensation not to exceed $1,000 for attorney's fees and costs. The trial court awarded the attorney $3,000 in fees and reimbursed him $622.78 for expenses. The State of Florida, Department of Corrections, has filed a petition for writ of certiorari[1], contending that the attorney fee is in excess of statutory authority.
Under Florida statutory law, an indigent sentenced to death is provided with free legal representation in every collateral proceeding following the affirmance of the death sentence on appeal, including clemency. See Sections 925.035(4) and 27.702, Florida Statutes (1987). Whereas the capital collateral representative serves the indigent in collateral judicial proceedings, the trial court which imposes the death penalty is authorized by section 925.035(4), Florida *182 Statutes, to appoint the public defender or other attorney not employed by the capital collateral representative to represent the indigent in an executive proceeding for clemency. See also § 27.51(5)(a), Fla. Stat. (1987). Section 925.035(4), Florida Statutes, limits the maximum award for an appointed attorney seeking compensation in connection with a clemency proceeding to $1,000, to be paid by the Department of Corrections.
Attorney Scott claims that a trial court has the inherent power to exceed the statutory ceiling for fees in section 925.035(4) upon making a factual determination that extraordinary circumstances justify the award. Attorney Scott relies on Makemson v. Martin County, 491 So.2d 1109 (Fla. 1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987), and Lyons v. Metropolitan-Dade County, 507 So.2d 588 (Fla. 1987), which held that trial courts in exceptional cases could exceed the statutory maximum fees in section 925.036, Florida Statutes (1987). Section 925.036 provides for the compensation of attorneys appointed to represent indigents in delinquency proceedings and criminal prosecutions, as well as the appeals resulting therefrom. The Supreme Court of Florida held that section 925.036 was constitutional on its face, but unconstitutional when the maximum fees therein were applied to extraordinary cases where a higher fee would be warranted. Makemson, 491 So.2d at 1112. The supreme court noted a clear link between compensation and the quality of representation, and found that if the maximum fees in section 925.036 were viewed as mandatory, the legislature would be encroaching upon a sensitive area of judicial concern, as the judiciary plays an important role in safeguarding an indigent defendant's constitutional right to effective assistance of counsel in judicial proceedings. In addition to these constitutional concerns, the supreme court stated that its holding would "ensure that an attorney who has served the public by defending the accused is not compensated in an amount which is confiscatory of his or her time, energy, and talents." 491 So.2d at 1115.
The clemency power to commute a death penalty is vested in the executive branch of government.[2] The constitutional right of indigent defendants to appointed counsel as guaranteed by the sixth amendment to the federal constitution or the fifth amendment due process clause, relates to criminal judicial proceedings and does not extend to a collateral executive clemency proceeding. Cf. Board of County Commissioners v. Scruggs, 545 So.2d 910 (Fla. 2d DCA 1989) (where appointed counsel is constitutionally required in judicial dependency proceedings out of due process concerns, court has authority to exceed statutory maximum fee in extraordinary cases).
In the matter of appointing attorneys to represent certain persons before the court to the end that the court can properly perform its function in the traditional adversarial setting in judicial proceedings, judges have historically exercised an inherent power and authority over attorneys, as "officers of the court." This practice has always created a certain "delicate" dilemma in that, while the court was obligated by the circumstances to make such appointments, and while the appointment placed a public duty on the attorney, it also placed a moral responsibility on the court to see that counsel was fairly compensated and yet the legislative branch, not the judiciary, was the keeper of the public purse, the only source from which compensation could be obtained for such public service. The matter of fair compensation for services rendered to the public by private counsel under judicial appointment, even when services were imperative to fulfill the judicial function, has always inherently involved problems as to the doctrine of separation of powers of government and as to the governmental "taking" of the attorney's property (services) without just compensation.
Therefore, we find it particularly troubling that the legislature, by statute, has involved the judiciary in the ministerial appointment of counsel to act in a purely executive proceeding, and at the same time *183 has severely limited the judiciary to meet the moral, if not legal, obligation to fairly compensate attorneys whose services are being used at the behest of a judge and under a court "appointment." To represent persons applying for executive clemency, an attorney authorized to practice law in the State of Florida need not be "appointed" by a member of the judiciary, but only hired or "retained" by one with the necessary financial resources. There is no apparent reason that the legislature cannot provide for the executive branch of government to retain counsel to represent indigents under death sentences in executive clemency proceedings. When such counsel is "retained" rather than "appointed," compensation is a matter of negotiation before the services are performed and the problems involved in this case are eliminated. The troubling aspect is that attorneys, as officers of the court, are under compulsion to accept an appointment proposed by the court, and the court has inadequate discretion and legal authority to fairly compensate attorneys whose services the court has somewhat coerced. If this problem is not further addressed by the legislature, perhaps trial courts should note that section 925.035(4), Florida Statutes, provides only that such appointment "may," (not "shall") be made by the trial court and decline to make an appointment of counsel who is unwilling to accept the appointment for compensation within the statutory limitation[3] and, also, when the needed services are not to be performed within the traditional judicial setting, perhaps counsel should feel no obligation as "officers of the court" to accept a tendered judicial appointment in the absence of legislative assurance of just compensation for services to be rendered.
Nevertheless, because counsel in clemency proceedings is a statutory right, and no constitutional right is involved, the appointment of counsel in an executive clemency proceeding is not a "sensitive area of judicial concern" and it is within the province of the legislature to set a statutory maximum fee for such legal representation. The legislature, though, should realize that by imposing this financial limitation, it is not assuring effective assistance of counsel, only that legal representation that $1,000 will buy.
While sympathetic to the trial judge in this case who did not want to provide token compensation to an attorney he appointed, we find the statutory maximum fee provided in section 925.035(4), Florida Statutes, is mandatory, and distinguish this case from Makemson and Lyons, supra. We grant the petition and quash the order which exceeded the statutory maximum fee. Without regard to the value of his services, counsel in this case can receive no more than $1,000 as compensation for his legal services, but is entitled to complete reimbursement for the amount of his reasonable expenditures, which in this case was $622.78. See State v. Peek, 441 So.2d 158 (Fla.2d DCA 1983).
PETITION GRANTED; ORDER QUASHED.
DANIEL and GOSHORN, JJ., concur.
NOTES
[1] This case is titled in accordance with the underlying criminal case wherein the trial court entered the order here sought to be reviewed by this certiorari proceeding which actually involves Florida Department of Corrections v. Edward L. Scott.
[2] See Bundy v. State, 497 So.2d 1209, 1211 (Fla. 1986).
[3] Cf. Commercial Truck Brokers v. Mann, 379 So.2d 956 (Fla. 1980); Walter v. School Board of Indian River County, 518 So.2d 1331, 1336 (Fla. 4th DCA 1987); Department of HRS v. Johnson, 504 So.2d 423, 425 (Fla. 5th DCA 1987).