PER CURIAM.
The Florida Department of Corrections petitions this court for a writ of certiorari to review a circuit court order requiring payment of a $4,595.00 attorney’s fee to respondent William Dayton. Dayton, pursuant to appointment by the circuit court, represented condemned murderer Robert dock in clemency proceedings, for which section 925.035(4), Florida Statutes (1987), authorizes a maximum fee of $1,000.00.
As noted in State v. Remeta, 547 So.2d 181 (Fla. 5th DCA 1989), under Florida law “an indigent sentenced to death is provided with free legal representation in every collateral proceeding following the affirmance of the death sentence on appeal, including clemency.” Sections 925.035 and *277 925.036, Florida Statutes (1987), place limitations upon the fees payable to court-appointed counsel in all criminal cases. With respect to capital prosecutions, those limits are $3,500 for trials, $2,000 for direct appeals, and, as noted, $1,000 for applications for executive clemency.
In Makemson v. Martin County, 491 So.2d 1109 (Fla.1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987), the provisions concerning trial fees were deemed facially valid but unconstitutional when applied in such a manner as to curtail the court’s inherent power to ensure adequate representation. That is, departure from the statutory guidelines is permissible “when necessary in order to ensure that an attorney who has served the public by defending the accused is not compensated in an amount which is confiscatory of his or her time, energy, and talents.” 491 So.2d at 1115. Then, in White v. Board of County Commissioners of Pinellas County, 537 So.2d 1376, 1378 (Fla. 1989), the court found “that all capital cases by their very 1nature can be considered extraordinary and unusual and arguably justify an award of attorney’s fees in excess of the current statutory maximum fee cap.”
In the present case the trial court specifically cited White in its order awarding Dayton the increased fee. The Department of Corrections distinguishes the present case as involving clemency proceedings, and in fact the Fifth District Court of Appeal, in Remeta, has made that same distinction. “The constitutional right of indigent defendants to appointed counsel as guaranteed by the sixth amendment to the federal constitution or the fifth amendment due process clause relates to criminal judicial proceedings and does not extend to a collateral executive clemency proceeding.” 547 So.2d at 182. Because the line of cases beginning with Makemson relied heavily upon the constitutional right to effective counsel, and the courts’ “inherent” powers relative thereto, the Remeta court declined to extend those holdings to proceedings wherein the right to counsel is purely statutory. Furthermore, since clemency proceedings are “vested in the executive branch of government,” they are not a “sensitive area of judicial concern.” 547 So.2d at 182, 183. Thus, even though the $1,000.00 limit established by the legislature for representation in clemency proceedings may equate to “token compensation,” the court concluded that “the statutory maximum fee provided in section 925.-035(4) ... is mandatory.” 547 So.2d at 183.
While we do not question the distinction between executive and judicial proceedings, and between constitutional rights and those created purely by statute, we nevertheless reach a different conclusion regarding the court’s power to exceed the statutory fee cap in exceptional cases. Although clemency proceedings may bring the parties before the executive branch, the legislature has endowed the judiciary with the responsibility of selecting and appointing attorneys to represent the applicants in what is literally a life-or-death situation. With that responsibility must go the ability to ensure adequate remuneration for services rendered; without some leeway for exceptionally difficult cases the courts cannot acquit this responsibility properly, a concern expressed by the court in Remeta when it observed “that attorneys, as officers of the court, are under compulsion to accept an appointment proposed by the court, and the court [by adhering to the statute] has inadequate discretion and legal authority to fairly compensate attorneys whose services the court has somewhat coerced.” 547 So.2d at 183.
The petition for certiorari is denied. We certify our decision as being in direct conflict with State v. Remeta.
SCHEB, A.C.J., and RYDER and SCHOONOVER, JJ., concur.