559 So.2d 1132 (1990)
Daniel E. REMETA, Petitioner,
v.
STATE of Florida, Respondent.
No. 74509.
Supreme Court of Florida.
April 12, 1990.
*1133 Edward L. Scott, Ocala, for petitioner.
Ann M. Chittenden and Ernest L. Reddick, Asst. General Counsels, Dept. of Corrections, Tallahassee, for respondent.
BARKETT, Justice.
We have for review State v. Remeta, 547 So.2d 181 (Fla. 5th DCA 1989), in which the district court declared valid a $1,000 statutory limit on attorney's fees for representation of death-sentenced prisoners in executive clemency proceedings. For the reasons that follow, we quash the decision of the district court.[1]
On July 25, 1988, the circuit court appointed private counsel Edward L. Scott to represent Daniel E. Remeta in executive clemency proceedings regarding Remeta's conviction of first-degree murder and sentence of death.[2] The order specified that Scott be compensated for his services. The appointment was authorized by section 925.035(4) of the Florida Statutes (1987), which provides:
If the death sentence is imposed and is affirmed on appeal to the Supreme Court, the appointed attorney shall be allowed compensation, not to exceed $1,000, for attorney's fees and costs incurred in representing the defendant as to an application for executive clemency, such compensation to be paid out of general revenue from funds budgeted to the Department of Corrections. The public defender or an attorney appointed pursuant to this section may be appointed by the trial court that rendered the judgment imposing the death penalty, to represent an indigent defendant who has applied for executive clemency as relief from the execution of the judgment imposing the death penalty.
On December 5, 1988, the circuit court held a hearing on Scott's motion for reasonable attorney's fees and costs. Scott asserted *1134 that his efforts regarding the executive clemency proceedings consumed 51.65 hours, and that the $1,000 cap for attorney's fees and costs in section 925.035 was unreasonable in this case. The state challenged Scott's request, claiming that the amount was fixed by statute, and that Scott's request was unreasonably high, primarily because of the travel time for which Scott sought compensation. The parties agreed that $60 per hour was a reasonable rate of compensation. After a hearing, the circuit court ruled that Scott was entitled to $3,000 in attorney's fees plus $622.78 in costs.
The state filed a petition for a writ of certiorari in the district court. The district court granted the writ and quashed the trial court's order, holding that Scott was entitled to no more than $1,000 in attorney's fees plus $622.78 in costs. Scott sought review in this Court.[3]
Scott contends that the trial court had the inherent authority to exceed the $1,000 statutory limit, primarily relying on our decisions in Makemson v. Martin County, 491 So.2d 1109 (Fla. 1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987), and its progeny.
In Makemson, we considered the constitutionality of section 925.036 of the Florida Statutes (1981), which set specific limits on compensation for court-appointed counsel to represent defendants in criminal judicial proceedings. We held the statute unconstitutional when it is "applied in such a manner as to curtail the court's inherent power to ensure the adequate representation of the criminally accused." Id. at 1112. We concluded that
it is within the inherent power of Florida's trial courts to allow, in extraordinary and unusual cases, departure from the statute's fee guidelines when necessary in order to ensure that an attorney who has served the public by defending the accused is not compensated in an amount which is confiscatory of his or her time, energy and talents.
Id. at 1115.
Consistently we have reaffirmed our Makemson rationale. Lyons v. Metropolitan Dade County, 507 So.2d 588 (Fla. 1987); Schommer v. Bentley, 500 So.2d 118 (Fla. 1986); Dennis v. Okeechobee County, 491 So.2d 1115 (Fla. 1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987). See also Department of Corrections v. Dayton, 561 So.2d 276 (Fla. 2d DCA 1989) (extending Makemson to executive clemency proceedings); Board of County Comm'rs v. Scruggs, 545 So.2d 910 (Fla. 2d DCA 1989) (extending Makemson to civil dependency proceedings).
Most recently, we held that "virtually every capital case ... justifies the court's exercise of its inherent power to award attorney's fees in excess of the current statutory fee cap." White v. Board of County Comm'rs, 537 So.2d 1376, 1380 (Fla. 1989). The primary concern giving rise to the need to exceed the statutory fee cap, we said, is "an indigent defendant's right to competent and effective representation, not the attorney's right to reasonable compensation." Id. at 1379.
Scott contends that these principles apply with equal force when counsel has been lawfully appointed by a trial court to represent a defendant in a criminal judicial proceeding or in an executive clemency proceeding. The state asks us to distinguish the two, asserting that the court's inherent authority does not reach to appointments of counsel for executive clemency proceedings. Since Makemson and White established rules to protect the constitutional right to effective assistance of counsel, the state argues, neither case applies here because there is no such "right" at issue, constitutional or otherwise, although the state concedes that appointment of counsel was authorized by statute.
*1135 First, it is clear that this state has established a right to counsel in clemency proceedings for death penalty cases, and this statutory right necessarily carries with it the right to have effective assistance of counsel.[4] We emphasize that this type of clemency proceeding is just part of the overall death penalty procedural scheme in this state. The circuit court in this instance had the responsibility to appoint counsel under this statutory right. § 925.035(4). See also § 27.51(5)(a), Fla. Stat. (1987).[5] The state has never suggested, nor is there any evidence in the record to show, that the state opposed the appointment of counsel to represent Remeta in these executive clemency proceedings. The state's only challenge here is to the amount of compensation sought by Scott.
Thus, we must decide whether the rationale that underlies Makemson and White extends to executive clemency proceedings. We conclude that it does.
The concerns we addressed in Makemson and White were to ensure effective assistance of counsel for indigent defendants through adequate compensation for time-consuming court-appointed public service, and to prevent confiscatory compensation of counsel. These concerns weigh just as heavily in executive clemency proceedings, especially where a defendant's life is at stake. The Second District Court of Appeal reached the same conclusion recently in Dayton, holding that trial courts may exceed statutory fee caps in executive clemency proceedings. The Second District Court said:
While we do not question the distinction between executive and judicial proceedings, and between constitutional rights and those created purely by statute, we nevertheless reach a different conclusion [from Remeta] regarding the court's power to exceed the statutory fee cap in exceptional cases. Although clemency proceedings may bring parties before the executive branch, the legislature has endowed the judiciary with the responsibility of selecting and appointing attorneys to represent the applicants in what is literally a life-or-death situation. With that responsibility must go the ability to ensure adequate remuneration for services rendered; without some leeway for exceptionally difficult cases the courts cannot acquit this responsibility properly. .. ."
Dayton, 561 at 277.
The appointment of counsel in any setting would be meaningless without some assurance that counsel give effective representation. As we said in Makemson, our focus must be on "the defendant's right to effective representation rather than the attorney's right to fair compensation." Makemson, 491 So.2d at 1112 (emphasis supplied). Unfortunately, the "link between compensation and the quality of representation remains too clear." Id. at 1114. Trial courts must have the authority to fairly compensate court-appointed counsel. It is the only way to ensure effective representation and give effect to the right to counsel in these death penalty clemency proceedings.
Accordingly, we hold that courts have the authority to exceed statutory fee caps to compensate court-appointed counsel for the representation of indigent, death-sentenced prisoners in executive clemency proceedings when necessary to ensure effective representation.
As to the question of reasonable compensation, we said in White that courts are to focus "on the time expended by counsel and the impact upon the attorney's availability to serve other clients." White, *1136 537 So.2d at 1380. The record reflects that the trial court made its judgment after hearing argument from both counsel and reviewing an accounting of Scott's time and expenses. It cannot be said under these circumstances that the trial court departed from the essential requirements of law when it ordered compensation in the amount of $3,622.78.
For the aforementioned reasons, we quash the decision of the court below, vacate the writ of certiorari, and remand to the district court with instructions to reinstate the trial court's order awarding reasonable attorney's fees and costs.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents with an opinion.
McDONALD, Justice, dissenting.
The result reached by the majority is laudable and has a great deal of appeal. Were we able to conclude that there is a constitutional right to counsel in clemency proceedings, I would likely concur. Absent that, it is my belief that the rationale and conclusion of the opinion under review is correct. I would approve and adopt it as our own.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
[2] Generally, trial courts appoint the public defender's office to represent indigent death-sentenced individuals in executive clemency proceedings. See §§ 925.035, 27.51(5)(a), Fla. Stat. (1987). However, the public defender's office is required by section 925.035 to move the court to appoint private counsel when a conflict of interest prevents the public defender's office from representing the condemned prisoner.
[3] The style assigned to this case in the district court was the style of the underlying criminal case. We continue to use that style, even though the dispute at issue actually involves Edward L. Scott versus Florida Department of Corrections. See State v. Remeta, 547 So.2d 181, 181 n. 1 (Fla. 5th DCA 1989).
[4] Because Remeta's right to counsel was clearly authorized by statute, we find no need to reach the question of whether an indigent, death-sentenced prisoner has a state or federal constitutional right to counsel in executive clemency proceedings.
[5] Section 27.51(5)(a) of the Florida Statutes (1987), provides that in death penalty cases the trial court shall retain the power to appoint the public defender or other attorney not employed by the capital collateral representative to represent such person in proceedings for relief by executive clemency pursuant to s. 925.035.