PER CURIAM.
Howard H. Babb, Jr., Public Defender, seeks a writ of prohibition to vacate the trial court’s order appointing the Office of the Public Defender to represent a death-sentenced prisoner in a clemency proceeding.
The prisoner at issue, William F. Happ [“Happ”], was convicted of first degree murder, kidnapping, sexual battery likely to cause serious personal injury and burglary of a conveyance with battery in Citrus County, and was sentenced to death. At his May 1995 trial, Happ was represented by attorney Jeff Pfister and was represented on direct appeal by the Seventh Judicial Circuit Public Defender. Various forms of postconviction relief have been, or are being prosecuted on his behalf by the Office of Capital Collateral Representative, Middle Region.
In a March 26, 2012, letter, the Coordinator of the Office of Executive Clemency informed the Chief Judge of the Fifth Circuit that “the Governor respectfully requests appointment of counsel as soon as possible to represent Mr. Happ in the clemency process.” In response, the Chief Judge issued an order appointing the Office of the Public Defender in and for Citrus County to represent Mr. Happ “for purposes of clemency.”[1]
Petitioner asserts that the Governor has recently asked chief judges in several parts of Florida to appoint public defenders to prosecute executive clemency cases on behalf of death-sentenced prisoners from their circuits and that this is a departure from decades of settled practice.[2] Petitioner contends that clemency is particularly an executive function and that appointment by the judiciary of the public defender to appear in the clemency proceedings is a violation of separation of powers. It is his position that counsel must be provided and paid by the Executive Branch.
Petitioner acknowledges that the Governor’s request for the appointment of the public defender was based on three Florida Statutes: section 27.51(5)(a), 27.5303(4)(b) and 27.5304(5)(b), all of which are legislative grants of authority to the courts to appoint counsel in clemency cases. Codified in Part III of Chapter 27, “Public Defenders and Other Court-Appointed Counsel.” Section 27.51(5)(a), Florida Statutes (2011) provides:
When direct appellate proceedings prosecuted by a public defender on behalf of an accused and challenging a judgment of conviction and sentence of death terminate in an affirmance of such conviction and sentence, whether by the Florida Supreme Court or by the United States Supreme Court or by expiration of any deadline for filing such appeal in a state or federal court, the public defender shall notify the accused of his or her rights pursuant to Rule 3.850, Florida Rules of Criminal Procedure, including any time limits pertinent thereto, *283 and shall advise such person that representation in any collateral proceedings is the responsibility of the capital collateral regional counsel. The public defender shall then forward all original files on the matter to the capital collateral regional counsel, retaining such copies for his or her files as may be desired. However, the trial court shall retain the power to appoint the public defender or other attorney not employed by the capital collateral regional counsel to represent such person in proceedings for relief by executive clemency pursuant to ss. 2740 and 27.5303[3]
[Emphasis added]. According to Petitioner, some version of this statute has been in effect for over forty years. Previously, courts appointed private lawyers to represent capital defendants both at trial and on appeal. If the death sentence was imposed and affirmed on appeal, the private lawyer who handled the appeal was authorized to receive “up to” an additional $1,000 to handle the clemency matter as well. After the advent of the public defender system, “public defender” was added to implement the change.
Petitioner contends that the legislative authorization for the trial court to appoint the public defender in executive clemency proceedings is contrary to the general law that establishes the public defender’s duties, and it intrudes impermissibly on the management of the office of the elected public defender because, as custodian of public funds, Petitioner is not authorized to expend funds for purposes not appropriated by the Legislature. Section 27.51 (5)(a) is a general law, however, and although we agree that the language of the statute is odd, there also does not seem to be much doubt that it authorizes a court to appoint the public defender in an executive clemency case.
We do not see the constitutional impediment in the Legislature’s authorization for the courts to appoint the public defender to appear on behalf of a prisoner in clemency proceedings. Art. 5, § 18, Fla. Const. Doing so does not intrude on the power of the executive to decide clemency applications or create an excessive entanglement with an executive function. Nor can we agree that a clemency proceeding has no connection to the State’s system of justice. Scholars examining the clemency process suggest otherwise:
The roots of clemency in America extend at least as far back as English medieval law. The early criminal law was uncompromising. Defenses based on justification and excuse, including self-defense, insanity, infancy and others, were not recognized. However, the crown was invested with the authority to make appropriate adjustments to the inflexible application of the law by pardoning offenders and commuting their sentences. Because many felonies carried mandatory punishment by death under the common law, clemency played an especially important and prominent role in capital cases.
[[Image here]]
[T]he [United States Supreme] Court also has taken pains to reaffirm the important role that executive clemency serves in the administration of justice. As Justice Holmes observed:
A pardon in our day is not a private act of grace from an individual happening to possess power. It is part of the Constitutional scheme. When granted it is the determination of the ultimate authority that the public welfare will be better served by inflicting less than what the judgment fixed.
*284 The Court’s lead opinion in Gregg v. Georgia recognized that a state capital-punishment system that did not comprehend executive clemency “would be totally alien to our notions of criminal justice.” Later, in Herrera v. Collins, the Court observed that “all ... States that authorize capital punishment have constitutional or statutory provision for clemency,” and emphasized that “[executive clemency has provided the ‘fail safe’ in our criminal justice system.” The Court’s most recent, and most direct consideration of executive clemency as an aspect of a state’s capital-punishment system, heralded clemency as “traditionally unavailable to capital defendants as a final and alternative avenue of relief....”
James R. Acker & Charles S. Lanier, May God — or the Governor — Have Mercy: Executive Clemency and Executions in Modern Death-Penalty Systems, 86 Crim. L. Bull., 200, 205-07 (2000) (Footnotes omitted).
Although we do not see separation of powers as an impediment to the public defender continuing its representation of a condemned prisoner through the final process available to spare his life, we appreciate the plight of the public defenders and their assistants who are expected to take on ever increasing workloads with constantly diminishing resources. These men and women fill an essential role in our system of justice, but do not get the credit they deserve for their dedication to their clients and their contributions to the law. They are not an infinitely elastic resource, however. If clemency proceedings are indeed a new burden on their workload, without legislative funding support, it is hard to see how they can continue to fulfill their constitutional duties in any forum.
Petition for Writ of Prohibition DENIED.
GRIFFIN, SAWAYA and COHEN, JJ., concur.

. Petitioner asserts that, as the Public Defender of the Fifth Circuit for close to thirty years, he has never before been appointed to appear as clemency counsel; nor is he aware of any other public defender office that, until recently, has been appointed to appear as clemency counsel.

. But see, Reineta v. State, 559 So.2d 1132, 1133, n. 2 (Fla.1990) ("Generally, trial courts appoint the public defender’s office to represent indigent death-sentenced individuals in executive clemency proceedings.”).

. We also observe that the legislation does not purport to mandate the appointment.