CANADY, J.,
dissenting.
I agree with the result reached by the trial court because I conclude that there is no statutory authority for making the additional payment sought here for investigative services and no basis for determining the statutory limitations to be unconstitutional. I therefore dissent.
The proper disposition of this case is governed by two simple and incontestable points. First, section 27.711(5), Florida Statutes (2012), unequivocally establishes “a maximum of $15,000, for the purpose of paying for investigative services” in post-conviction death cases. (Emphasis added.) Second, there is “no constitutional right to representation in postconviction relief proceedings,” and accordingly no cognizable claim for ineffective assistance of postcon-viction counsel. State ex rel. Butterworth v. Kenny, 714 So.2d 404, 407 (Fla.1998).
Since there is no constitutional requirement for the State to provide postconviction counsel, there is no constitutional basis for requiring the State to spend public funds beyond the level determined by the Legislature to be appropriate for the benefit of a capital defendant seeking postconviction relief. If the State could constitutionally decline to provide any postconviction counsel for death-sentenced defendants, I cannot fathom how there can be a constitutional mandate that the State provide such a defendant with investigative services costing in excess of the statutory cap of $15,000.
To be sure, the majority in this decision treads along on a path where the Court has trod before in Remeta v. State, 559 *902 So.2d 1132 (Fla.1990), and Olive v. Maas, 811 So.2d 644 (Fla.2002). I would recede from those decisions as seriously flawed violations of the separation of powers. I therefore would affirm the order on review.
POLSTON, C.J., concurs.