491 So.2d 1115 (1986)
Robert Lee DENNIS, et al., Petitioners,
v.
OKEECHOBEE COUNTY, Respondent.
No. 66829.
Supreme Court of Florida.
July 17, 1986.
Robert Lee Dennis, in pro. per.
John R. Cook, in pro. per.
J. Blayne Jennings, in pro. per.
Kyle S. VanLandingham, Okeechobee, for respondent.
*1116 Michael Zelman, Miami, for Florida Criminal Defense Attys. Ass'n and National Legal Aid and Defender Ass'n, amicus curiae.
Robert A. Ginsburg, Dade County Atty., and Eric K. Gressman, Asst. County Atty., Miami, for Metropolitan Dade County, amicus curiae.
ADKINS, Justice.
We have for review Okeechobee County v. Jennings, 473 So.2d 1314 (Fla. 4th DCA 1985), in which the Fourth District quashed the trial court's finding of the unconstitutionality of the statutory fee limits imposed by section 925.036, Florida Statutes (1981) upon compensation for the representation of indigent criminal defendants. Citing as authority its opinion of Martin County v. Makemson, 464 So.2d 1281 (Fla. 4th DCA 1985), it re-certified to this Court the four questions presented in that case. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We recently answered the certified questions in Makemson v. Martin County, 491 So.2d 1109 (Fla. 1986), and quashed the district court's decision, upholding the trial court's finding of the statute's unconstitutionality as applied to representation in extraordinary or unusual circumstances. We find that the trial court's findings as expressed in its order, quoted in Jennings, 473 So.2d at 1315, amply established the need to grant fees in excess of the statutory guidelines in order to ensure adequate representation in the cause.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.