518 So.2d 372 (1987)
BOARD OF COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, Florida, Petitioner,
v.
Walter M. LOPEZ, Jr., Respondent.
No. 87-2835.
District Court of Appeal of Florida, Second District.
December 23, 1987.
Rehearing Denied January 13, 1988.
Carol L. Hinds, Asst. Co. Atty., Tampa, for petitioner.
Walter M. Lopez, Jr., Tampa, pro se.
PER CURIAM.
Hillsborough County petitions this court for a writ of certiorari to review an order of the circuit court awarding attorney's fees of $15,000 to respondent Walter Lopez for his representation in a criminal case. We agree with the county that the amount of the award is unlawfully excessive and grant the petition for certiorari.
Because of a public defender conflict, Lopez was court-appointed to defend one Travis Stuart on charges of murder and grand theft. In such cases compensation is determined by an hourly rate to be fixed by the chief or senior judge of the circuit in an *373 amount not to exceed the prevailing rate for similar representation within the circuit. § 925.036(1), Fla. Stat. (1985). Section 925.036(2)(d) further limits compensation in capital cases to a maximum of $3,500. However, Lopez certified that he had spent over 160 hours in Stuart's defense and requested attorney's fees in excess of the statutory maximum.
Although the language of the statute is quite plain, there exists authority for honoring Lopez's request. Section 925.036 was attacked as unconstitutional in Makemson v. Martin County, 491 So.2d 1109 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987). Here, counsel had expended an extraordinary amount of time and effort defending one of several defendants charged with murder. Expert witnesses estimated the value of his services at $25,000, but he asked for the smaller sum of $9,500 based on the number of hours spent on the case. While the supreme court found that the statute was not facially unconstitutional, they held that the statutory limitations upon fees "as inflexibly imposed in cases involving unusual or extraordinary circumstances" might interfere with a defendant's sixth amendment right to receive the services of effective counsel. 491 So.2d at 1112. Thus the statute could be unconstitutional "when applied in such a manner as to curtail the court's inherent power to ensure the adequate representation of the criminally accused." Id.
The Makemson decision provides no guidelines for courts to use in determining reasonable fees in unusually complex cases. However, the supreme court subsequently approved an award of $25,000 for "admittedly excellent service" which appears to reflect the number of hours spent on the case by counsel multiplied by the hourly rate established by the chief judge in accordance with the dictates of the statute. Lyons v. Metropolitan Dade County, 507 So.2d 588 (Fla. 1987). More recently, the Third District has approved exactly such a formula for determining compensation in cases deemed to be too complex and time-consuming to fit within the parameters of the statute. Metropolitan Dade County v. Gold, 509 So.2d 407 (Fla. 3d DCA 1987). We find this to be a satisfactory means of harmonizing the legislative concerns underlying the statute with the constitutional problems faced by the supreme court in Makemson, and so follow the decision in Gold.
In the Thirteenth Circuit, where this case arises, the chief judge has established the hourly rate of compensation at $40. At this rate the 160.8 hours of work itemized by Lopez would entitle him to a fee of $6,432. The county does not question Lopez's claim that this case is sufficiently complex to entitle him to more than the $3,500 statutory maximum. However, it argues, and we agree, that the circuit court had no basis for awarding Lopez a fee of $15,000. Accordingly, we grant the petition for certiorari and remand this case to the circuit court with directions to recalculate Lopez's fee based upon the hourly rate established by the chief judge in that circuit.
Petition granted.
CAMPBELL, A.C.J., and FRANK and THREADGILL, JJ., concur.