519 So.2d 728 (1988)
HILLSBOROUGH COUNTY, Petitioner,
v.
Anthony B. MARCHESE, Respondent.
No. 87-1923.
District Court of Appeal of Florida, Second District.
February 5, 1988.
Carol Lee Hinds, Asst. Co. Atty., Tampa, for petitioner.
Anthony B. Marchese, Tampa, pro se.
SCHEB, Acting Chief Judge.
Hillsborough County appeals the circuit court's order awarding $16,500 in attorney's fees to Anthony Marchese for his court appointed legal services provided in a criminal case. The proper procedure for challenging an order awarding attorney's fees to court appointed counsel is by petition for certiorari, not appeal. Schommer v. Bentley, 489 So.2d 40 (Fla. 2d DCA 1986). Therefore, we treat this appeal as a petition for certiorari. We grant the petition.
Following an order granting the public defender's motion to withdraw and appoint private counsel, the trial court appointed Marchese to represent Curtis Von Woodard on the charge of first degree murder. At the conclusion of his representation, Marchese filed a motion based on Makemson v. *729 Martin County, 491 So.2d 1109 (Fla. 1986) cert. denied, ___ U.S. ___, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987), requesting attorney's fees in excess of the $3,500 amount set by section 925.036, Florida Statutes, for the defense of one charged with a capital crime. In Makemson, the supreme court held that trial courts could depart from section 925.036, Florida Statutes, in extraordinary and unusual cases, when necessary to ensure that counsel is compensated in an amount which is not confiscatory of his or her time, energy and talents. Makemson, 491 So.2d at 1115.
Marchese's motion reflected that he rendered 200.85 hours of professional service to the defendant. At the hearing on the motion, Marchese presented expert testimony that the fair market value of his service was $20,000 to $25,000, and that a reasonable fee would be $15,000 to $16,000. The trial court found that the case involved extraordinary circumstances due to difficulties presented by the client, who was uncooperative and hostile to Marchese. Additionally, because the defendant would not agree to a continuance of the already scheduled trial, Marchese prepared and tried the case two weeks after his appointment. This caused him to virtually abandon his law practice during those weeks. The court found that Marchese provided "extremely effective" representation. After finding that the case was extraordinary and unusual, the trial judge awarded Marchese fees totaling $16,500.
On May 28, 1985, the chief judge of the Thirteenth Judicial Circuit amended Administrative Order No. 79-3 to provide that special public defenders receive compensation at the rate of forty dollars an hour. The order was in effect at the time that Marchese accepted the appointment to represent the defendant. The fee awarded Marchese was not based on the rate established in the amended administrative order.
Subsequent to the trial judge's order, we addressed a similar situation in Board of County Commissioners of Hillsborough County, Florida v. Lopez, 518 So.2d 372 (Fla. 2d DCA 1987). There, we found that while the court could award attorney's fees in excess of those statutorily established, the court must impose those fees based upon the hourly rate established by the chief judge in that circuit. See also Metropolitan Dade County v. Gold, 509 So.2d 407 (Fla. 3d DCA 1987).
Our decision here is controlled by Lopez. Accordingly, we grant the petition for writ of certiorari and remand this case to the circuit court with directions to recalculate Marchese's fee based upon the hourly rate established by the chief judge of the Thirteenth Judicial Circuit.
HALL and THREADGILL, JJ., concur.