529 So.2d 724 (1988)
BOARD OF COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, Florida, Petitioner,
v.
Thomas E. CUNNINGHAM, Jr., Respondent.
No. 87-3477.
District Court of Appeal of Florida, Second District.
March 30, 1988.
*725 Carol L. Hinds, Asst. Co. Atty., Tampa, for petitioner.
No appearance for respondent.
PARKER, Judge.
This is a petition for writ of certiorari in which the Board of County Commissioners of Hillsborough County seeks review of an order awarding $5,500 to Cunningham as a reasonable attorney's fee for legal services he rendered as court-appointed counsel to an indigent criminal defendant. For the reasons stated below, we deny the petition, but remand for correction of the order.
Cunningham represented an indigent criminal defendant who was charged with seven first-degree felonies. Under section 925.036(2)(b), Florida Statutes (1987), the maximum amount of compensation for such representation is $2,500. Cunningham filed a motion for fees in excess of the statutory maximum, contending that such fees were warranted because the case was "unusual and extraordinary." His affidavit which itemized the services rendered reveals that he spent 135.9 hours representing his client.
At the hearing on the motion, the trial judge heard counsels' arguments on the application of Makemson v. Martin County, 491 So.2d 1109 (Fla. 1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987), and was presented with expert testimony that a reasonable fee would be at least $13,600. The trial judge then found that "this was a complicated, extraordinary case, justifying the Court in departing from the statutory maximum," and that, "under the totality of the circumstances," $5,500 was a reasonable fee.
In Makemson, the supreme court held:
[I]t is within the inherent power of Florida's trial courts to allow, in extraordinary and unusual cases, departure from the statute's fee guidelines when necessary in order to ensure that an attorney who has served the public by defending the accused is not compensated in an amount which is confiscatory of his or her time, energy and talents. More precise delineation, we believe, is not necessary. Trial and appellate judges, well aware of the complexity of a given case and the attorney's effectiveness therein, know best those instances in which justice requires departure from the statutory guidelines.
491 So.2d at 1115. See also Dennis v. Okeechobee County, 491 So.2d 1115 (Fla. 1986). The supreme court also held in Makemson that the fee schedules in section 925.036 are directory, rather than mandatory. 491 So.2d at 1115.
After reviewing the record, we cannot say that the trial court departed from the essential requirements of law in exceeding the statutory maximum fee in this case. The trial judge who granted Cunningham's motion for excess fees also presided over the defendant's seven-day trial. There were multiple first-degree felony charges and multiple defendants, four of whom pleaded guilty before trial. There was unrebutted testimony that the state had listed forty-six witnesses, thirteen or fourteen of whom actually testified at trial. Although the defendant was convicted of six of the seven charges, the jury found him guilty of a lesser included offense of one of the charges that required a twenty-five year minimum mandatory sentence.
We realize that the holding in Makemson may produce disparate results in individual cases. Each case, however, comes to this court by petition for writ of certiorari, the standard of review for which is whether the trial court departed from the essential requirements of law in exceeding, or not, the maximum compensation allowed by section 925.036. This standard of review is stringent and was not met in this particular case.
*726 While we cannot say that the trial court departed from the essential requirements of law in finding that this was an extraordinary and unusual case warranting a departure from the maximum compensation allowed by section 925.036(2)(b), we do hold that the trial court departed from the established hourly rate of compensation established by the chief judge of that circuit. The maximum fee that Cunningham could be awarded is $5,436, which amount represents the number of hours he spent on the case (135.9) multiplied by the hourly rate established by the chief judge of the thirteenth judicial circuit ($40).[1]Board of County Commissioners of Hillsborough County v. Lopez, 518 So.2d 372 (Fla. 2d DCA 1987).
Accordingly, we deny the petition for certiorari, but remand to the trial court for correction of the order consistent with this opinion.
DANAHY, C.J., and RYDER, J., concur.
NOTES
[1] We do note, however, that the trial court struck 1.5 hours of Cunningham's time which was spent preparing the motion for fees in excess of the statutory maximum. Thus, with this item stricken, Cunningham's fee would be $5,376.