SCHEB, Acting Chief Judge.
Hillsborough County appeals the circuit court’s order awarding $10,000 in attorney’s fees to Simson Unterberger for his court appointed legal services provided in a *780 criminal case. The proper procedure for challenging an order awarding attorney’s fees to court appointed counsel is by petition for certiorari, not appeal. Schommer v. Bentley, 489 So.2d 40 (Fla. 2d DCA 1986). Therefore, we treat this appeal as a petition for certiorari. We grant the petition.
The trial court appointed Unterberger to represent Hector Fuente on an appeal from a conviction of first degree murder. At the conclusion of his representation, Unterber-ger filed a motion requesting attorney’s fees in excess of the $2,000 amount set by section 925.036(2)(e), Florida Statutes, for representation on appeal of a defendant convicted of a capital crime. As grounds he asserted that the case was unusual and complex.
Unterberger’s motion reflected that he rendered 134.3 hours of professional service to the defendant. At the hearing on the motion, Unterberger presented expert testimony that the fair market value of his service was between $10,000 and $15,000. The trial judge observed that the complex issues involved made the case extraordinary and unusual at both the trial and appellate level. The court awarded Unter-berger a fee of $10,000.
On May 28, 1985, the chief judge of the Thirteenth Judicial Circuit amended Administrative Order No. 79-3 to provide that special public defenders receive compensation at the rate of forty dollars an hour. The order was in effect at the time that Unterberger accepted the appointment to represent the defendant. The fee awarded Unterberger was not based on the rate established in the amended administrative order.
Accordingly, we grant the petition for writ of certiorari and remand this case to the circuit court with directions to recalculate Unterberger’s fee based upon the hourly rate established by the chief judge of the Thirteenth Judicial Circuit. See Hillsborough County v. Marchese, 519 So. 2d 728 (Fla. 2d DCA 1988); Board of County Commissioners of Hillsborough County v. Lopez, 518 So.2d 372 (Fla. 2d DCA 1988).
RYDER and PARKER, JJ., concur.