534 So.2d 838 (1988)
HILLSBOROUGH COUNTY, Petitioner,
v.
Simson UNTERBERGER, Respondent.
No. 88-2570.
District Court of Appeal of Florida, Second District.
November 30, 1988.
*839 Suzanne E. LaBerge, Asst. Co. Atty., Tampa, for petitioner.
Simson Unterberger, pro se.
PER CURIAM.
This is a petition for writ of certiorari to review two orders entered pursuant to the respondent's application for attorney's fees for court-appointed counsel. For the reasons stated below, we grant the petition, quash the trial court's orders, and remand for further proceedings consistent with this opinion.
In August 1986, the trial court appointed respondent, Simson Unterberger, to represent an indigent on his appeal from a first degree murder conviction and sentence of death. In July 1987 Unterberger applied for interim attorney's fees for court-appointed counsel in the amount of $10,000 for 134.3 hours of representation. After finding that the criminal case was "extraordinary and unusual," the trial court granted Unterberger's motion. Hillsborough County appealed the trial court's attorney's fee award, contending that it exceeded the $40 per hour rate established for court-appointed counsel by the chief judge for the Thirteenth Judicial Circuit. This court treated the appeal as a petition for writ of certiorari, quashed the trial court's order, and remanded with directions to recalculate Unterberger's fee on the basis of the rate established by the chief judge of the Thirteenth Judicial Circuit. Hillsborough County v. Unterberger, 523 So.2d 779 (Fla. 2d DCA 1988), cert. denied, 529 So.2d 695 (Fla. 1988) [hereinafter Unterberger I]. On remand the trial court set Unterberger's fee at $5,372.
Thereafter, Unterberger applied for additional attorney's fees for 81.8 subsequently rendered hours of representation in further proceedings ordered by the supreme court in the criminal case. Unterberger also filed a "motion to declare Chapter [sic] 925.036(1)[,] Florida Statutes unconstitutional, etc." In his motion Unterberger claimed that the $40 hourly rate fixed by the chief judge of the Thirteenth Judicial *840 Circuit, pursuant to section 925.036(1) Florida Statutes (1987), is unconstitutional as applied to extraordinary and unusual cases because it:
a. Fails to insure adequate representation of indigent criminal defendants.
b. Interferes with the Sixth Amendment right to counsel.
c. Constitutes only token compensation.
d. Is insufficient to cover overhead.
e. Cuts the link between fair compensation and the quality of representation.
f. Is confiscatory of attorney time and talent.
Unterberger further claimed that section 925.036(1) is unconstitutional because it:
a. Constitutes a delegation of legislative power without providing objective guidelines and standards.
b. Obstructs the inherent power of the judiciary to insure the fulfillment of the constitutional rights of indigent criminal defendants to effective assistance of counsel.
At the hearing on Unterberger's motions, he presented expert testimony from another attorney in the community who testified that Unterberger's monthly expenses of $4,400 were not unusual and that a reasonable fee for Unterberger's services, based upon his experience and reputation, would be between $100 and $175 per hour. Unterberger argued that the rationale of the supreme court's decision in Makemson v. Martin County, 491 So.2d 1109 (Fla. 1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987), supported his claims. The county argued that several members of the Hillsborough County bar have been willing to represent indigent criminal defendants at the $40 hourly rate, and that because so many members of the bar have voluntarily agreed to "assume that bit of a burden to ensure that defendants [who] are indigent have proper representation," there has been sufficient effective counsel. Finally, the county argued that the statute has a rational relationship to the legislature's goal of providing counsel to indigent criminal defendants.
After hearing argument, the trial court declared the $40 hourly rate fixed by the chief judge of the Thirteenth Judicial Circuit and section 925.036(1) unconstitutional. In its written order, the trial court stated:
The $40.00 per hour rate ... is ... unconstitutional in such extraordinary and unusual cases, because it fails to insure adequate representation of indigent criminal defendants, interferes with constitutional rights to counsel and effective assistance of counsel, and thus is violative of constitutional provisions guaranteeing the right to counsel and effective assistance of counsel.
... Chapter [sic] 925.036[1][,] Florida Statutes[,] ... is ... unconstitutional in such extraordinary and unusual cases, because it delegates to chief or senior judges a legislative power without providing objective guidelines and standards and obstructs the inherent power of the judiciary to insure the fulfillment of the constitutional rights of indigent criminal defendants to effective assistance of counsel.
In a separate written order, the trial court awarded Unterberger a fee of $6,100. The county then filed this timely petition for writ of certiorari.
The county first argues that this court's prior decision in Unterberger I is res judicata and law of the case so that the trial court could not award Unterberger a fee in excess of the $40 hourly rate. This argument is without merit. Although Unterberger's second application for attorney's fees involves the same cause of action as in Unterberger I, the res or thing on which the cause of action is based is different, that is, the attorney's fees sought in the present case are for additional representation to the defendant. Further, in this case, Unterberger also filed a motion to declare section 925.036(1) unconstitutional which the trial court granted. The constitutional challenge to the statute, a different question of law, was not decided in Unterberger I, and thus, could be raised in Unterberger's subsequent application for attorney's fees for additional services rendered. See Albrecht v. State, 444 So.2d 8 (Fla. 1984).
*841 Next, the county claims that Unterberger lacks standing to challenge the constitutionality of the statute and the administrative order in which chief judge set the hourly rate of compensation for attorneys representing indigent criminal defendants. This argument is also without merit. Unterberger's interests are affected by both the statute and the administrative order. Moreover, although standing was not an issue in that case, the supreme court in Makemson found that the issues of a defendant's right to effective representation and an attorney's right to fair compensation in cases such as this one are "inextricably interlinked." 491 So.2d at 1112.
Turning to the merits, we first address the trial court's declaration of section 925.036(1) as unconstitutional in extraordinary and unusual cases. Section 925.036(1), Florida Statutes (1987), provides, in pertinent part:
An attorney appointed pursuant to s. 925.035 or s. 27.53 shall, at the conclusion of the representation, be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit; however, such compensation shall not exceed the maximum fee limits established by this section.
In Makemson the supreme court held that although facially valid, the maximum fee limits established by section 925.036(2) were unconstitutional when applied to extraordinary and unusual cases in "such a manner as to curtail the court's inherent power to ensure the adequate representation of the criminally accused." 491 So.2d at 1112.
Following Makemson, we cannot conclude that that portion of section 925.036(1) which delegates to the chief or senior judge the power to set the hourly rate of compensation for court-appointed counsel is unconstitutional for failure to provide objective guidelines and standards "in extraordinary and unusual cases." The statute states that the rate shall not exceed "the prevailing hourly rate for similar representation rendered in the circuit." In Makemson the supreme court recognized that appropriation of funds for public purposes and questions of compensation are within the legislature's province as long as such appropriation or compensation does not interfere with the court's inherent power to ensure adequate representation of indigent criminal defendants. The statute, on its face, anticipates that counsel will be compensated at a reasonable rate not to exceed the prevailing hourly rate in the community. A more precise delineation would indeed be unworkable given each respective county's budget and community rates for similar representation.
The trial court also found unconstitutional the $40 hourly rate established by the chief judge of the Thirteenth Judicial Circuit as provided by section 925.036(1).
We initially observe that throughout these proceedings, Unterberger has chosen selected language from the Makemson decision to argue that the hourly rate fixed in this case is unconstitutional. He attempts to draw an analogy between the hourly rate set in this case and the maximum fee guidelines set by section 925.036(2) which the supreme court in Makemson held unconstitutional in "extraordinary and unusual" cases. His arguments must fail for two reasons.
First, in Makemson the trial court was forced to accept the attorney's bid of $4,500 for representation of the defendant, although the bid was higher than the statutory maximum fee. The supreme court held that the trial court's action was necessary in order to ensure adequate representation by competent counsel. 491 So.2d at 1113-1114. In the present case, there was no showing that $40 hourly rate denied adequate representation of indigent criminal defendants or that their rights to counsel were violated. Indeed, it is undisputed that Unterberger agreed to represent the defendant in this "extraordinary and unusual" case at that hourly rate. The only evidence Unterberger presented at the hearing on his application for attorney's fees was that his monthly overhead of $4,400 was reasonable and that a "fair *842 market value" for his services would range from $100 to $175 per hour. Second, the maximum fee rate which the supreme court struck down had no relationship to the time an attorney spent representing the defendant. The hourly rate, on the other hand, takes into account the amount of time an attorney spends in an "extraordinary and unusual case," and is thus, no "token compensation."
Unterberger also argues that the $40 hourly rate will not allow him to meet his monthly expenses and thus, the rate is "confiscatory of his ... time, energy and talents." Makemson, 491 So.2d at 1115. This language is taken from the supreme court's holding in Makemson that: "... it is within the inherent power of Florida's trial courts to allow, in extraordinary and unusual cases, departure from the statute's fee guidelines when necessary in order to ensure that an attorney who has served the public by defending the accused is not compensated in an amount which is confiscatory of his or her time, energy and talents." Id. The statutory maximum fee in Makemson and in the present case was $2,000. In Makemson the supreme court found this fee to be "token compensation" for an attorney who had spent 248.3 hours representing an indigent criminal defendant. The attorney in that case sought a fee at the rate set by the chief judge of that circuit. He asked for and obtained a fee of $9,500, which, if divided by the number of hours spent on the case, yielded an hourly rate of $38.26. The supreme court noted that the attorney sought "only `reasonable,' and not `market value' compensation." Id. at 1113.
The supreme court's discussion on "token compensation" for court-appointed counsel in Makemson, however, is predicated on a showing that such compensation deprives indigent criminal defendants of adequate representation of counsel. That must be the threshold determination. Such a showing was not met in this case. We do not read Makemson to hold even in the absence of a showing that the rights of indigent criminal defendants are being violated, that it is unconstitutional to compensate an attorney at a rate that he or she believes will not cover the overhead or at a rate that he or she believes is not in line with his or her experience or reputation in the community.
In sum, we cannot conclude in the present case that Unterberger has demonstrated that the hourly rate fixed by the chief judge of the circuit deprives indigent criminal defendants of effective counsel and is thus, unconstitutional. We are not insensitive to the burden that the hourly rate places upon appointed counsel, see e.g., Board of County Commissioners of Hillsborough County v. Cunningham, 529 So.2d 724 (Fla. 2d DCA 1988); Hillsborough County v. Marchese, 519 So.2d 728 (Fla. 2d DCA 1988), dismissed, 526 So.2d 75 (Fla. 1988); Board of County Commissioners of Hillsborough County v. Lopez, 518 So.2d 372 (Fla. 2d DCA 1988), review denied, 529 So.2d 694 (Fla. 1988) (all setting rate of compensation at hourly rate established by chief judge of circuit), but unless that rate impacts on the rights of indigent criminal defendants we are not free to declare the rate unconstitutional.
Accordingly, we grant the petition for writ of certiorari, quash the trial court's orders, and remand with directions to award Unterberger a fee in accordance with the rate established by the chief judge of the Thirteenth Judicial Circuit effective at the time of the representation.[1]
DANAHY, A.C.J., and LEHAN and PARKER, JJ., concur.
NOTES
[1] We note that on July 27, 1988, perhaps in response to the various challenges, the hourly rate of compensation to court appointed counsel in the Thirteenth Judicial Circuit was raised to $60.