586 So.2d 1286 (1991)
Michael ZELMAN, Petitioner,
v.
METROPOLITAN DADE COUNTY, Respondent.
No. 91-868.
District Court of Appeal of Florida, Third District.
October 1, 1991.
Michel O. Weisz, Miami, for petitioner.
Robert A. Ginsburg, County Atty., and Hugo Benitez, Asst. County Atty., for respondent.
Before BARKDULL, HUBBART and COPE, JJ.
PER CURIAM.
Michael Zelman appeals an attorney's fee award made to him for his court appointed appellate representation of a defendant in a capital case. We treat the appeal as a petition for writ of certiorari, see Hillsborough County v. Marchese, 519 So.2d 728 (Fla. 2d DCA), cause dismissed, 526 So.2d 75 (Fla. 1988), and grant the petition.
Zelman was appointed to serve as appellate counsel in a capital case, which he pursued to a successful conclusion. See Garcia v. State, 564 So.2d 124 (Fla. 1990). He then applied for an award of attorney's fees and costs. The trial court conducted an evidentiary hearing, received expert testimony, and correctly concluded that the statutory fee limitation should be exceeded under authority of Makemson v. Martin County, 491 So.2d 1109 (Fla. 1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 *1287 L.Ed.2d 857 (1987). The trial court also made findings of the number of hours reasonably expended in handling the appeal, which findings are not contested here.
Zelman contends that the trial court erred by ruling that the hourly rate which could be awarded was limited to forty dollars per hour for out-of-court hours and fifty dollars per hour for in-court hours reasonably expended. The hourly rates relied on by the trial court are found in Part I of In re: Fee Schedule for Compensation of Special Assistant Public Defenders, Admin. Order No. 89-6 (Fla. 11th Cir.Ct. Mar. 24, 1989). See generally Metropolitan Dade County v. Gold, 509 So.2d 407, 408 (Fla. 3d DCA 1987).
Zelman correctly points out that Part I of the administrative order applies solely to compensation for trial counsel in capital cases. Capital appeals, by contrast, are regulated by Part VII of the administrative order, which does not contain a limitation on hourly rates. There must therefore be a new hearing in order to establish a reasonable hourly rate.
The trial court order also stated, "[t]he approximately $14,000.00 fee award made to the defendant's trial counsel ... compels that an appropriate fee for Attorney Zelman is $15,000.00." Accordingly appellate counsel's fee was subjected to a further reduction. The net effect was an award of $33.18 per hour for the hours reasonably expended.[*]
The factors to be considered in establishing a reasonable fee are enumerated in Rule 4-1.5, Rules of Professional Conduct. See also White v. Board of County Commissioners, 537 So.2d 1376, 1380 (Fla. 1989). In the present case, the trial and appellate phases of the criminal case constituted two distinct segments of legal representation for the criminal defendant. Counsel for each phase is entitled to reasonable compensation for the services performed. We do not see a basis on which the attorney's fee award for appellate counsel's work should be arbitrarily limited to the amount awarded to trial counsel, or vice versa. As the Supreme Court has said, "[w]hen an attorney is called upon by the state to represent an indigent defendant in a criminal case, not only is the attorney expected to provide legal services as part of his or her ethical obligation, but the state, as part of its constitutional obligation, must reasonably compensate the attorney for those services." White v. Board of County Commissioners, 537 So.2d at 1379.
The order under review is quashed and the cause remanded for further proceedings to set a reasonable hourly rate and to enter a new fee award accordingly.
NOTES
[*] As a preliminary matter, Zelman disputes the factual accuracy of the recitation of the fee awarded to trial counsel, but we need not resolve that issue here. Zelman contends that the $14,000 figure is not a correct depiction of the fee awarded to trial counsel because there was a mistrial in the case. The record indicates that the aggregate fee awarded for the two proceedings in the trial court was $28,000. In view of the conclusion we reach in this case, we need not analyze the basis for, or adequacy of, the award to trial counsel.