PER CURIAM.
Michael Zelman petitions for a writ of certiorari to review an award of attorney’s fees for his court appointed appellate representation of a defendant in a capital case. The award was made on remand from this court’s decision in Zelman v. Metropolitan Dade County, 586 So.2d 1286 (Fla. 3d DCA 1991).[1]
At the time this case was previously before us, the circuit court’s administrative order did not establish a specific hourly rate for capital appeals in court appointed cases. In the absence of an express hourly rate, we remanded for a new hearing to set a reasonable hourly rate using the factors delineated in Rule of Professional Conduct 4-1.5.
The order now before us establishes reasonable hourly rates for the work Zelman performed. However, the order states in part, “In determining these rates reasonable, this Court has taken into consideration that every attorney has a common law professional obligation to provide services for indigents. White [v. Board of County Commissioners, 537 So.2d 1376,] at 1379 [ (Fla.1989) ].” This appears to indicate that the trial court reduced what would otherwise have been the reasonable hourly rate on the theory that such a reduction satisfied the lawyer’s pro bono obligation.
It is our view that White calls for reasonable compensation in capital cases, and that the reasonable rate should not be reduced on the theory that appointed counsel is, or should be, working on a pro bono basis.
Accordingly we grant certiorari, quash the order under review, and remand for a new hearing. In so doing we do not say that the trial court is obliged to award the private sector rates advocated by Zelman. The trial court may legitimately take into account the rates customarily paid for comparable work in both appointed and private *7 ly retained cases, as well as the other factors enumerated in Rule 4-1.5.
Certiorari granted.

. Zelman also has filed a motion to enforce the mandate of the previous appeal. The motion has been consolidated with the petition for cer-tiorari.