SCHWARTZ, Chief Judge.
We first considered Michael Zelman’s attorney’s fee claim for his successful court appointed appellate representation of a capital defendant[1] in Zelman v. Metropolitan Dade County, 586 So.2d 1286 (Fla. 3d DCA 1991) (Zelman I). In that case we quashed an allegedly inadequate award upon the holding, in part, that his hourly rate was not limited to the $40.00 per hour for out-of-court services and $50.00 per hour for in-court services established by a trial court administrative order. Zelman, 586 So.2d at 1287. After the new hearing we ordered to establish “a reasonable hourly rate,” the trial court — notwithstanding that opinion — fixed the rate at $40.00 per hour for out-of-court services and $50.00 per hour for in-court services. Not surprisingly, then, we quashed that order in Zelman v. Metropolitan Dade County, 622 So.2d 6 (Fla. 3d DCA 1993) (Zelman II). We again remanded for a new hearing to set a reasonable hourly rate using the factors contained in Rule of Professional Conduct 4-1.5.[2] Astonishingly enough, that *58 hearing also resulted in an identical award of $40.00 per hour for out-of-eourt services and $50.00 per hour for in-court services. This application for certiorari review of that order is thus Zelman III.[3] There will be no Zel-man TV.
On the basis of the record — which contains essentially undisputed evidence that a reasonable rate for private representation in the field would be in the range of $175.00 per hour [4] — and our own expertise, see Miller v. First Am. Bank & Trust, 607 So.2d 483 (Fla. 4th DCA 1992), it is apparent, as we have held on two prior occasions in this very case, that the $40.00-$50.00 rate is not close to a reasonable fee for the difficult and uncommonly burdensome services Zelman performed so well, lin view of the prior unfortunate history of this case, in which we seem to have been so unsuccessful in making ourselves understood, we decline to require still another hearing on the issue in the court below. Rather, as we are authorized, particularly in the present unusual situation, cf. Dalia v. Alvarez, 605 So.2d 1282 (Fla. 3d DCA 1992); Schreiber v. Palmer, 427 So.2d 235 (Fla. 3d DCA 1983); Dade County v. Oolite Rock Co., 348 So.2d 902 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 133 (Fla.1978), we hereby ourselves determine that Zelman shall be awarded $100.00 per hour for out-of-court services and $125.00 per hour for the in-court services rendered. See Spiers v. Spiers, 160 Fla. 282, 34 So.2d 434 (1948); Milward v. Milward, 152 Fla. 15, 10 So.2d 663 (1942). Although we are empowered to render an actual judgment to this effect, see Posner v. Posner, 257 So.2d 530 (Fla.1972); Sullivan v. Chase Fed. Sav. & Loan Ass’n, 132 So.2d 343 (Fla. 3d DCA 1961); In re Vermeulen, 122 So.2d 318 (Fla. 1st DCA 1960), we assume that at least that step will not be required.
Certiorari granted.

. Garcia v. State, 564 So.2d 124 (Fla. 1990).

. RULE 4-1.5 FEES FOR LEGAL SERVICES
[[Image here]]
(b) Factors to be Considered in Determining Reasonable Fee. Factors to be considered as guides in determining a reasonable fee include:
(1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
(4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;
(5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the *58 service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and
(8) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

. Zelman has also filed a motion to enforce the previous mandates in Zelman I and II. The motion was heard with this petition for writ of certiorari.

. The county's contrary showing consisted of testimony that it had never previously paid more than $40.00-$50.00 per hour and that an hourly computation of the salaries paid assistant public defenders for doing the same work yielded even lower amounts. We consider that neither category of evidence is probative of the sole issue involved here — the reasonable value of Zelman's services.