ALTENBERND, Judge,
concurring.
In this certiorari proceeding, Harold Stevens challenges the attorneys’ fees paid to him for representing Joshua Nelson as a specially appointed public defender. Mr. Nelson was convicted of first-degree murder and received a death sentence. His appeal is now pending in the supreme court. Nelson v. State, Case No. 89,540 (Fla. filed Dec. 16, 1996).
There is no significant dispute that Mr. Stevens reasonably expended 450 hours on this capital case. He requested compensation at the rate of $100 per hour, which the trial court agreed was a reasonable rate in such a serious case. Mr. Stevens received compensation at the rate of $50 per hour because that is the rate established by a rather ambiguous administrative order of the Twentieth Judicial Circuit. That rate has not been adjusted since it was established in 1988. Thus, he received $22,500 for representation that was clearly worth substantially more. Although $22,500 may seem like a substantial sum to a taxpayer, the overhead in a modern law office is also substantial. This court regularly approves attorneys’ fees in divorce and mechanics’ liens cases that are three times higher than the amount paid to Mr. Stevens in a capital case. I find this disparity troubling.
The record indicates that specially appointed public defenders receive $100 per hour in Palm Beach and Volusia Counties. Ten years ago, the rate in Hillsborough County was $40 per hour. Board of County Comm’rs v. Lopez, 518 So.2d 372 (Fla. 2d DCA 1987). Susan F. Schaeffer, Chief Judge of the Sixth Judicial Circuit, published a survey on June 5, 1997, listing the rates of pay for such special public defenders throughout the state. I attach a copy of her results to this concurrence as an appendix. Judge Schaeffer’s results show that there are circuits that compensate special public defenders below the rate established in the Twentieth Circuit and others that pay twice as much. The different rates do not seem to be justified by local conditions.
It seems odd to me that the direct appeal in a capital case must be filed in the supreme court, but the related fee issue is reviewed by *935 common law certiorari in a district court. If a jurisdictional rule could be devised under the structure provided in Article V of the Florida Constitution, it would seem more logical for the supreme court to review fees in capital cases where the defendant receives a death sentence. If nothing else, steps should be taken to assure that lawyers who undertake representation in capital cases are compensated under comparable rules throughout the state. By statute, the counties are entitled to reimbursement from the state in these cases. § 925.0B7, Fla. Stat. (1995). If the legislature adequately funds this statutory reimbursement, there is little reason for lawyers in some counties to be compensated at substantially lower rates than lawyers in other counties.
APPENDIX STATEWIDE HOURLY RATES FOR HANDLING CAPITAL CASES AT TRIAL

[Prepared by Chief Judge Susan F. Schaeffer, Sixth Judicial Circuit of Florida Memorandum of Compiled Information Prepared June 5,1997]

CIRCUIT OUT OF COURT/IN COURT MISC. PROVISIONS
1st $40/$60 None
2nd $95/$95 None
3rd Not to exceed $60 Amount to be awarded set by a panel of all circuit judges
4th $40/$50 $3500 minimum
5th $60/$60 $20,000 maximum fee per written contract
6th $50/$60 All attorney fees determined by criminal administrative judge
7th Reasonable rate determined by trial judge Experience has shown this to be in the $75 — $100 per hour amount
8th $75/$75 None
9th $50/$50 None
10th $45/$45 None
11th $80/$80 $800 per diem maximum per trial day
12th $60/$60 None
13th $60/$60 $3500 maximum guilt stage + $3500 maximum penalty stage absent extraordinary circumstances
14th $50/$60 None
15th $100/$100 lead counsel $75/$75 co-counsel Lead counsel’s fee reduced to $75 “thereafter” if state waives death penalty or accepts plea to lesser charge
16th $75/$75 None
*936 CIRCUIT 17th OUT OF COURT/IN COURT $100/$100 MISC. PROVISIONS $20,000 minimum per case; $30,000 maximum per case if one lawyer. If co-counsel appointed, mínimums reduced to $15,000 and $5,000 and máximums reduced to $20,-000 and $10,000. Attorney must sign contract agreeing to these mínimums and máxi-mums
18th $80/$60 until $10,000, then $80/$40 None
19th $65/$75 If the county attorney questions the fee, a peer review committee procedure is set up in the administrative order
20th $50/$50 If unusual and extraordinary circumstances exist, counsel may petition court for additional compensation