W. SHARP, Judge.
The Petitioner, Volusia County (the “County”) seeks certiorari review of a circuit court order requiring the County to compensate the Respondent, David F. Vedder, Esquire, at an hourly rate, which is in excess of the authorized rate for his representation as a court-appointed attorney in a noncapital criminal case. We grant the petition for writ of certiorari and quash the circuit court’s order.
Vedder was appointed to represent Jones in a noncapital criminal case. The County and Vedder entered into a stipulation that Vedder would be paid $45.00 per hour for his services, the amount set by the chief judge of the circuit pursuant to section 925.036. The trial court approved this stipulation on August 21, 1997. On March 27, 1998, Vedder filed a motion seeking to increase his hourly rate of compensation to $100. In support of his motion, Vedder claimed that the case was complex and required a substantial amount of time, that it involved novel and difficult questions which required a high degree of skill, and that he was precluded from accepting other employment as a result of time spent on this case.
At the hearing on the motion, Vedder claimed that the case involved depositions all over the United States, 13 boxes of documents, and that the work load was so excessive he had to turn away other fee-paying cases. The trial judge acknowledged Ved-der’s claims and concluded that he would “pierce” the chief judge’s order setting the hourly rate at $45.00 and permit Vedder to receive an increased hourly rate. A written order to this effect was entered April 20, 1998.
Section 925.036(1) provides that a court-appointed attorney shall receive, at the conclusion of his representation, an hourly fee fixed by the chief judge of the circuit. Subsection (2)(b) provides that the maximum fee for noncapital felonies is $2,500. However, the County had agreed to eliminate the $2,500 cap in this case.
Section 925.036 is not unconstitutional on its face, but it may be unconstitutional in its application where it curtails a court’s inherent power to insure adequate representation. Makemson v. Martin County, 491 So.2d 1109 (Fla.1986).[1] The supreme court reaffirmed this holding in White v. Board of County Commissioners of Pinellas County, 537 So.2d 1376 (Fla.1989)(unconstitutional where it curtails court’s inherent power to secure effective, experienced counsel for indigent defendants). However, both of these cases pertain to the fixed cap, not the hourly rate.
Rather, it has been repeatedly held that it is a departure from the essential requirements of law to increase court-appointed counsel’s hourly rate above that imposed by the chief judge of the circuit. See Makemson; Escambia County v. Ratchford, 650 So.2d 154 (Fla. 1st DCA 1995); Leon County v. McClure, 541 So.2d 630 (Fla. 1st DCA 1988), rev. denied, 551 So.2d 461 (Fla.1989); Metropolitan Dade County v. Gold, 509 So.2d 407 (Fla. 3d DCA 1987). In Hillsborough County v. Unterberger, 534 So.2d 838 *208 (Fla. 2d DCA 1988), rev. denied, 544 So.2d 201 (Fla.1989), the lower court increased court-appointed counsel’s hourly rate, and the second district reversed particularly citing counsel’s agreement to the representation at that rate.
We agree that the law does not provide for an increase in Vedder’s hourly rate. The cap has been removed, and Vedder should receive the agreed upon hourly rate for the increased number of hours this case involves. Accordingly, we grant the petition for the writ of certiorari, and quash the circuit court’s order.
Petition for Writ of Certiorari GRANTED; Order QUASHED.
PETERSON, J., concurs.
DAUKSCH, J., concurs specially with opinion.

. See Monroe County v. Garcia, 695 So.2d 823 (Fla. 3d DCA 1997), applying rationale to non-capital cases.