751 So.2d 731 (2000)
SHEPPARD & WHITE, P.A., Petitioner,
v.
The CITY OF JACKSONVILLE, Respondent.
No. 1D99-39.
District Court of Appeal of Florida, First District.
February 18, 2000.
Wm. J. Sheppard, Richard W. Smith and D. Gray Thomas, Sheppard & White, P.A., Jacksonville, for Petitioner.
Richard A. Mullaney, General Counsel and Howard M. Maltz, Assistant General Counsel, Jacksonville, for Respondent.

CORRECTED OPINION
VAN NORTWICK, J.
By petition for writ of certiorari, Sheppard & White, P.A. seeks review of an order requiring respondent, the City of Jacksonville, to pay $29,864.05 in legal fees and costs for petitioner's representation of Gerald D. Murray in his successful appeal to the Florida Supreme Court of his conviction for first degree murder and his sentence of death. The amount of fees granted by the trial court was based upon Fourth Judicial Circuit Administrative Order *732 No. 86-33, as amended, by which the chief judge of that circuit set the hourly rate for appointed appellate counsel at a rate of $40 an hour. Petitioner contends that this fixed hourly rate is confiscatory of an attorney's time, energy and talents, and denies a criminal defendant his right to the effective assistance of counsel. For the reasons that follow, we grant the petition for the sole purpose of increasing compensation to the rate of $50 an hour pursuant to an amendment to Administrative Order No. 86-33. In all other respects we deny the relief requested by petitioner, but certify a question of great public importance to the Florida Supreme Court.

Factual and Procedural Background
In 1994, Gerald D. Murray was convicted of first-degree murder, burglary with assault, and sexual battery, and sentenced to death. A circuit judge in the Fourth Judicial Circuit approached William J. Sheppard of Sheppard & White, P.A. about handling the appeal in Murray's case. Sheppard initially declined, advising the judge that the $40 per hour rate at which appointed attorneys were paid in the Fourth Judicial Circuit was inadequate. Unable to secure other counsel, the circuit judge eventually prevailed upon Sheppard to accept the representation of Murray in the case, with the condition that Professor Fletcher Baldwin of the University of Florida College of Law serve as co-counsel.
According to Sheppard's testimony in the record, representation of Murray spanned a two-year period of time and required 545 hours of attorney's time and 105.25 hours of time by paralegals and law clerks to successfully prosecute Murray's appeal. In that appeal, counsel raised, briefed and argued 23 claims of error. The Florida Supreme Court eventually reversed Murray's conviction, holding that the trial court's failure to conduct an adequate Frye[1] test on certain scientific evidence before admitting that evidence constituted reversible error. Murray v. State, 692 So.2d 157 (Fla.1997). Petitioner filed in the trial court a motion for payment of appellate attorney's fees and costs seeking fees for appellate counsel and paralegal/law clerk services in the total amount of $91,390.00 and costs in the total amount of $4,417.11. Petitioner's requested hourly rate for attorney's time was $140 per hour.
Attached to the motion for attorney's fees were affidavits attesting to a reasonable fee for the services rendered by petitioner in representing Murray. In addition, petitioner submitted 46 affidavits of attorneys in the Fourth Judicial Circuit. Thirteen of those attorneys stated that a fee of $40 per hour was inadequate; twenty-eight stated they would not undertake capital representation at a rate of pay of $40 per hour because the rate was inadequate; and five said they would not undertake such representation for some other reason.
In the fee hearing below, Sheppard testified that "You can't pay your light bill for the $40 an hour rate which you are given to save someone's life." He also explained the impact of the $40 per hour rate, as follows:
[I]t is the reputation in Jacksonville, Florida among the criminal defense bar that you don't want to do death penalty representation by court-appointed appointments because the compensation is inadequate and it drains on your firm time-wise, and economically it is too great to undertake that responsibility.
In the proceeding below, the City pointed out that, of the 28 attorneys who stated they would not undertake representation because of inadequate pay, the majority of those attorneys were not criminal trial attorneys. In addition, the city introduced evidence that there were attorneys, one of whom was a board-certified criminal trial *733 attorney,[2] who would undertake representation of defendants in capital cases for the fixed hourly rate of $40 an hour.
At the hearing, the trial court observed to Sheppard that he was not required to take this case and that, once he accepted representation, he knew "going in that it [would] be reimbursed at $40 per hour." In the order appealed, the trial court agreed that this case "was extraordinary and unusual such that the statutory cap of § 925.036 is not applicable" and accepted the reasonableness of the number of hours devoted by counsel. The trial court ruled that the time for attorneys, paralegals and law clerks should be compensated at the hourly rate of $40 pursuant to Administrative Order No. 86-33. The court denied the petitioner's constitutional attacks on the administrative order and statute. In the aggregate, the trial court awarded petitioner $29,864.05 in legal fees and costs and required petitioner to compensate co-counsel Baldwin as agreed between them.

Standard of Review
A petition for writ of certiorari is the proper vehicle for challenging an order awarding attorney's fees to court-appointed counsel. See Jenkins v. Escambia County, 614 So.2d 1207 (Fla. 1st DCA 1993). In exercising our certiorari jurisdiction, our standard of review is limited to determining whether the trial court departed from the essential requirements of law. See Escambia County v. Ratchford, 650 So.2d 154, 155 (Fla. 1st DCA 1995); see also Kelly v. Tworoger, 705 So.2d 670, 673 (Fla. 4th DCA 1998)(Klein, J., specially concurring). In the instant case, petitioner urges this court to grant review and find that the trial court failed to apply the correct law in awarding attorney's fees for appointed capital appellate counsel.

Analysis
Section 925.036(1), Florida Statutes (1997) requires appointed counsel to "be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit...." As the City argues, decisions from each of the district courts of appeal have determined that the hourly rate established by the administrative order of the chief judge of the judicial circuit is controlling and that to exceed the established hourly rate constitutes a departure from the essential requirements of law. See Escambia County v. Ratchford, 650 So.2d 154 (Fla. 1st DCA 1995); Board of County Comm'rs of Hillsborough County v. Cunningham, 529 So.2d 724 (Fla. 2d DCA 1988); Metropolitan Dade County v. Gold, 509 So.2d 407 (Fla. 3d DCA 1987); Palm Beach County v. Butler, 524 So.2d 507 (Fla. 4th DCA 1988); Bobbitt v. State, 726 So.2d 848 (Fla. 5th DCA 1999); Volusia County v. Vedder, 717 So.2d 206 (Fla. 5th DCA 1998). These cases are not dispositive, however, because the issue raised here is not whether the $40 per hour rate set by the administrative order is binding on the trial court, but whether that rate is so low as to be unconstitutional.
In urging this court to issue a writ of certiorari, petitioner argues that in failing to rule the rate confiscatory and unconstitutional the trial court applied an incorrect legal standard. Petitioner relies upon White v. Board of County Comm'rs of Pinellas County, 537 So.2d 1376 (Fla. 1989); Makemson v. Martin County, 491 So.2d 1109 (Fla.1986), cert. denied, 479 U.S. 1043, 107 S.Ct. 908, 93 L.Ed.2d 857 (1987); and Zelman v. Metropolitan Dade County, 645 So.2d 57 (Fla. 3d DCA 1994). We cannot agree with petitioner that these cases are authority for the trial court to exceed the fixed rate in the instant case.
Section 925.036(2)(e), Florida Statutes (1997), establishes a cap for representation on appeal at $2,000. In White and Makemson, *734 the Florida Supreme Court recognized that this statutory cap may be exceeded in capital felony cases because they involve extraordinary and unusual circumstances. In Makemson, 491 So.2d at 1115, the Florida Supreme Court found that sec. 925.036 was directory, rather than mandatory, holding that:
it is within the inherent power of Florida's trial courts to allow, in extraordinary and unusual cases, departure from the statute's fee guidelines when necessary in order to ensure that an attorney who has served the public by defending the accused is not compensated in an amount which is confiscatory of his or her time, energy and talents.
The court revisited this issue again in White, 537 So.2d at 1380, explaining that
[i]n determining whether to exceed the statutory maximum fee cap, the focus should be on the time expended by counsel and the impact upon the attorney's availability to serve other clients, not whether the case was factually complex.
In White, the court discussed the relationship between the amount of the fee and a defendant's right to competent and effective representation, as follows:
It must be remembered that an indigent defendant's right to competent and effective representation, not the attorney's right to reasonable compensation, gives rise to the necessity of exceeding the statutory fee cap. The relationship between an attorney's compensation and the quality of his or her representation cannot be ignored. It may be difficult for an attorney to disregard that he or she may not be reasonably compensated for the legal services provided due to the statutory fee limit. As a result, there is a risk that the attorney may spend fewer hours than required representing the defendant or may prematurely accept a negotiated plea that is not in the best interest of the defendant. A spectre is then raised that the defendant received less than the adequate, effective representation to which he or she is entitled, the very injustice appointed counsel was intended to remedy.
White, 537 So.2d at 1379-80 (citation omitted). The court agreed with Judge Lehan's dissenting opinion in White v. Board of County Comm'rs for Pinellas County, 524 So.2d 428, 431 (Fla. 2d DCA 1988) stating:
The court may exercise its inherent power to depart from the statutory maximum "[w]hen legislatively-fixed attorney's fees become so out of line with reality they materially impair the abilities of officers of the courts to fulfill their roles of defending the indigent and curtail the inherent powers of the courts to appoint attorneys to those roles."
White, 537 So.2d at 1378 (emphasis added). The White court held it would be inequitable to enforce the statutory maximum fee cap, stating its purpose as ensuring "the court's ability to secure competent, experienced counsel to represent indigent defendants in capital cases." Id. at 1380.
In Zelman v. Metropolitan Dade County, the Third District initially ruled that the local administrative order setting the hourly rate for trial counsel in a capital case did not apply to appellate counsel in a capital case and ordered a new hearing to establish "a reasonable hourly rate." Zelman v. Metropolitan Dade County, 586 So.2d 1286, 1287 (Fla. 3d DCA 1991)(Zelman I). On remand, the trial court set the fee based on a rate of $40 per hour for out-of-court services and $50 per hour for in-court services, causing a second reversal and remand for a new hearing to set a reasonable hourly rate using the factors set forth in rule 4-1.5, Rules Regulating the Florida Bar. Zelman v. Metropolitan Dade County, 622 So.2d 6 (Fla. 3d DCA 1993)(Zelman II). On remand, the trial court made an identical fee award based on the $40/$50 hourly rates and, in Zelman III, 645 So.2d at 58, the court ruled that a $40-$50 hourly rates "is not close to a reasonable fee for the difficult and uncommonly burdensome services Zelman performed *735 in the capital appeal." The appellate court awarded Zelman $100 per hour for out-of-court services and $125 for in-court services. Id.
Petitioner recognizes that Zelman did not involve an administrative order which set appellate fees, while the administrative order in the instant case does expressly address the amount of appellate fees. Nonetheless, petitioner argues that Zelman stands for the principle that a $40-$50 hourly rate is per se unreasonable and confiscatory. Further, petitioner acknowledges that both Makemson and White dealt with the statutory cap on fees, not with whether a trial court may exceed the hourly rate fixed by administrative order of the chief judge or senior judge. Nonetheless, counsel argues that the same principles should apply and that a trial court does retain the inherent power to depart from the hourly rate in extraordinary and unusual cases, including the instant case.
Counsel has not directed us, however, to any appellate decision in Florida accepting the position that a trial court retains the power to depart from the order of the chief judge of the circuit fixing an hourly rate. The importance of the administrative order setting the hourly rate cannot be ignored, because the chief judge, in setting the hourly rate, is charged with being advised of the community rates for similar representation and the ability of the county budget to accommodate the expenditure of public funds for such representation. Hillsborough County v. Unterberger, 534 So.2d 838 (Fla. 2d DCA 1988); see also Rose v. Palm Beach County, 361 So.2d 135, 137 (Fla.1978).
Although it is true, as petitioner argues, that the supreme court in White appeared to focus its analysis on the appointed attorney's right to receive more than token compensation, the White court also stated:
[I]f the statutory cap is exceeded and fees awarded based upon local prevailing hourly rate for indigent cases, the compensation would be "reasonable" and would then balance the state's constitutional obligation and the attorney's ethical obligation.
White, 537 So.2d at 1379 (emphasis added). The reference "local prevailing hourly rate" can refer to nothing other than the rate established by order of the chief judge, since the fee requested in White was in accordance with the $50 hourly rate then set by the chief judge of the circuit. Id. at 1377.
In studying this issue, we note that, before 1981, when the trial court appointed counsel to represent an insolvent defendant in a capital case, the attorney was allotted "reasonable compensation" for that representation. See, e.g., section 925.035(1), Florida Statutes (1979). However, that requirement sometimes created conflict with section 925.036, which established a cap on fees. See Wakulla County v. Davis, 395 So.2d 540, 542 (Fla.1981). Therefore, subsequent to Davis, the legislature substantially rewrote section 925.035(1) deleting the requirement of a "reasonable" fee and directing that the attorney be compensated as provided in section 925.036. When the Florida Supreme Court addressed the fee cap in White, it appears to us that the Court assumed that fees set in accordance with local prevailing rate are "reasonable." White, 537 So.2d at 1379.
We find the Second District Court of Appeal's decision in Hillsborough County v. Unterberger, 534 So.2d 838 (Fla. 2d DCA 1988), persuasive. In Unterberger, the Second District reversed the trial court's determination that the $40 hourly rate established by the chief judge was unconstitutional, because there had been no showing the $40 rate denied adequate representation of indigent criminal defendants or that the rights to counsel were violated. As in the instant case, counsel in Unterberger relied upon evidence of the cost of overhead and the fair market value of his services but the court rejected this approach focusing instead on whether "the hourly rate fixed by the chief judge of the *736 circuit deprives indigent criminal defendants of effective counsel and is thus, unconstitutional." Id. at 842. The Unterberger court concluded that, "unless that rate impacts on the rights of indigent criminal defendants we are not free to declare the rate unconstitutional." Id. We agree.
There was no showing in Unterberger that indigent criminal defendants were being deprived of adequate representation. Id. Here, there was evidence before the trial court that at least one board-certified attorney was accepting representation at the $40 hourly rate set by the administrative order, and indeed, despite the hourly rate, counsel accepted representation in this case. It is not our role to reweigh the evidence presented below. We find there was competent, substantial evidence on which the trial court could find that the hourly rate did not materially impair the ability of lawyers to fulfill their roles or that it curtailed the power of the court to appoint attorneys. Accordingly, we reject this relief requested by petitioner.
However, while this appeal was pending, Administrative Order No. 86-33 was again amended, increasing the allowable hourly rate for criminal appeals from $40 to $50 an hour. We agree with petitioner that, since this order was amended during the pendency of this appeal, petitioner should receive the benefit of the increased hourly rate. See Bradley v. School Board of City of Richmond, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). It is generally true that an appellate court should apply to the judgment the law prevailing at the time of appellate disposition. Goodfriend v. Druck, 289 So.2d 710 (Fla.1974).
Thus, under the circumstances, even though we are denying substantially all of the relief requested by petitioner, the appropriate disposition is to grant the petition, quash solely that part of the order on appeal requiring compensation at $40 an hour, and remand for issuance of an order increasing compensation to the rate of $50 an hour.
Although we conclude that we are constrained to deny the constitutional arguments raised by petitioner in this case, we agree with petitioner that the hourly rate set by administrative order is problematic given the extraordinary and unusual circumstances of this capital case. Obtaining adequate representation in capital cases remains a serious concern of the judiciary and the legislature in Florida, see, e.g., White, 537 So.2d at 1379 ("since the State of Florida enforces the death penalty, its primary obligation is to ensure that indigents are provided competent, effective counsel in capital cases."); Arvelaez v. Butterworth, 738 So.2d 326 (Fla.1999), and the Florida Supreme Court has not had an opportunity to address the issue presented by the fixed hourly rate before us. We note that in White the court observed that a fee producing $26.12 per hour "is far from reasonable compensation for the attorney who ... has `the dreadful responsibility of trying to save a man from electrocution.'" White, 537 So.2d at 1379 (quoting Makemson, 491 So.2d at 1111). If $26 per hour was "far from reasonable" in 1989, can $50 per hour be reasonable in 1999? Further, while $50 per hour may be a reasonable rate for a criminal appeal not involving the death penalty and requiring only a few hundred hours of work, such an hourly rate does seem to approach a confiscatory rate in a capital case, as here, requiring nearly 550 hours of an attorney's time. Accordingly, we certify the following question to the Florida Supreme Court pursuant to article V, section 3(b)(4), Florida Constitution, and Florida Rule of Appellate Procedure 9.030(a)(2)(v):
IS THE FIXED RATE OF $50 PER HOUR FOR APPELLATE ATTORNEY'S FEE CONFISCATORY WHEN APPLIED IN A CAPITAL CASE REQUIRING 550 HOURS OF ATTORNEY'S TIME.
*737 PETITION GRANTED; QUESTION CERTIFIED.
JOANOS AND LAWRENCE, JJ., CONCUR.
NOTES
[1] Frye v. United States, 293 F. 1013 (D.C.Cir. 1923).
[2] We note that the record reflects that this same board-certified criminal attorney submitted an affidavit below stating her opinion that the $40 hourly rate was inadequate for representation in an appointed capital appeal.