PER CURIAM.
Tatianna Samuel, n/k/a Tatianna Mathis, a minor child, by and through her parents and natural guardians, Janicka Mathis and Kina Mathis (Petitioners), petition this *628 court for a writ of certiorari. Petitioners ask this court to quash the trial court’s discovery order, which compels Petitioners to disclose to Shands Teaching Hospital and Clinics, Inc., Rene Rivera-Santiago, and Cardiovascular Perfusionists, Inc. (Respondents), correspondence from the law firm of Best & Anderson to Petitioner Janicka Mathis (Mathis). Petitioners urge this court to quash the trial court’s order as it departs from the essential requirements of law in requiring production of a privileged attorney-client communication. We agree. Accordingly, we grant the petition and quash the trial court’s order.
This discovery dispute arises from a lawsuit filed by Petitioners against Respondents, alleging medical negligence in the treatment of Tatianna Mathis. Respondents sought discovery of a letter sent to Mathis from the law firm of Best & Anderson, following Tatianna’s surgery. Respondents sought to use this correspondence to show that Petitioners’ current medical negligence action is barred by the statute of limitations. The trial court reviewed the correspondence from Best & Anderson in camera and concluded that it was not confidential or privileged and that, even if the correspondence had been privileged, any privilege was waived by Petitioners’ assertion in their complaint that their action was timely filed. The trial court ordered Petitioners to disclose to Respondents the correspondence from Best & Anderson. Petitioners seek certio-rari review of the trial court’s order.
At the outset, we recognize that this court may not grant the extraordinary writ of certiorari and disturb the trial court’s order unless the order constitutes a departure from the essential requirements of the law. Sheppard & White, P.A. v. City of Jacksonville, 751 So.2d 731, 733 (Fla. 1st DCA 2000). To grant the petition, this court must find not only that the trial court departed from the essential requirements of the law, but also that the departure resulted in a miscarriage of justice, such that the trial court’s mistake is more than “simple legal error.” Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003). Thus we proceed to resolve this matter pursuant to that standard of review.
The Evidence Code codifies the attorney-client privilege as follows: “A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client.” § 90.502(2), Fla. Stat. (2007). The Evidence Code defines “confidential communication” as “[a] communication between lawyer and client ... not intended to be disclosed to third persons other than: 1. Those to whom disclosure is in furtherance of the rendition of legal services to the client. 2. Those reasonably necessary for the transmission of the communication.” § 90.502(l)(c), Fla. Stat. (2007). “A person obtains the status of a ‘client’ by consulting an attorney for the purpose of obtaining legal advice.” State v. Rabin, 495 So.2d 257, 260 (Fla. 3d DCA 1986) (citations omitted). A client does not waive the attorney-client privilege simply because his credibility could be impeached by communications with his former attorney. See Jenney v. Airdata Wiman, Inc., 846 So.2d 664, 668 (Fla. 2d DCA 2003).
Here, Mathis consulted the law firm of Best & Anderson for legal advice. Unlike the trial court, we find that the correspondence from Best & Anderson to Mathis was a confidential communication protected by the attorney-client privilege and that the privilege was not waived by Petitioners’ allegation in their complaint *629 that their lawsuit was timely filed. Therefore, by compelling disclosure of a privileged document, the trial court departed from the essential requirements of law. This departure would cause harm that will not be curable upon review of the final judgment, warranting certiorari relief. Accordingly, the petition for writ of certio-rari is GRANTED, and the trial court’s order is QUASHED.
BENTON, LEWIS, and ROBERTS, JJ., concur.